SUSAN E. BOWEN *vs.* HERBERT A. DEAN.

A man gave all his estate, real and personal, to his wife "to hold to her and her assigns," but should she "die intestate and seised of any portion of said estate at the time of her decease," then over. The wife took possession of the land, and died, leaving a will by which she devised and bequeathed all her estate, real and personal. *Held*, that the land passed by her will.

WRIT OF ENTRY to recover land in Berkley. At the trial in the Superior Court, before *Allen*, J., the demandant, in opening his case, stated that he expected to prove the following facts :

The demanded premises were formerly the property of Thomas J. Burt, who died in 1865, leaving a will, which, excepting the formal parts, is as follows : " I give and bequeath unto my wife Lydia Burt all the estate, both real and personal, of which I shall die seised, of whatever name or nature, and wherever the same may be situated, and to hold to her and her assigns forever. And should my wife, the aforesaid Lydia, die intestate and seised of any portion of said estate at the time of her decease, then it is my will that should my adopted daughter, Lydia C. Burt, be living, that the use and improvement of the same shall hold to her and her children after her and to their children, and so onward to the latest generation. But should she, the aforesaid Lydia C. Burt, decease without leaving issue, or should her children or her children's children decease without leaving issue, then the same shall descend in fee to those of next akin to me according to the rules and provisions of the law in such cases. And lastly, I nominate my wife, the aforesaid Lydia, sole executrix of this my last will and testament."

Lydia C. Burt died in the lifetime of Thomas J. Burt, without leaving issue. Lydia Burt, on her husband's death, entered into possession of the demanded premises, and in 1870 executed a deed thereof to the tenant ; and the demandant stated facts, not now necessary to report, which he contended proved a delivery of the deed. Shortly after she died, leaving a will by which, after some legacies, she gave " all the residue of my estate, real and personal, of which I shall die seised, to " the tenant. The demandant was an heir of Thomas J. Burt.

The judge ruled that on these facts the action could not be maintained, and directed a verdict for the tenant, which was returned, and the demandant alleged exceptions.

*C. A. Reed*, for the demandant.

*G. E. Williams & J. Brown*, for the tenant.

GRAY, J. If the devise by Thomas J. Burt of all his estate to his wife, Lydia Burt, " to hold to her and her assigns forever," could be construed, upon a view of the whole will, to give her an estate for life only, the devise over upon the contingency that she should " die intestate and seised of any portion of said estate at

the time of her decease," gave her by necessary implication an absolute power of disposal, either by deed or will; and this power having been fully executed by her will, if not by the deed made by her, nothing remained upon which the devise over in the will of her husband could operate. It is therefore unnecessary to determine whether the devise over could have taken effect under any circumstances, or whether her deed was duly delivered. In any possible view of the case, the demandant has no title. *Gifford* v. *Choate*, 100 Mass. 343. *Hale* v. *Marsh*, Ib. 468. *Holmes* v. *Godson*, 8 De G., M. & G. 152, and cases there cited. *Exceptions overruled.*