## WILLIAM KIMBALL *vs.* DANIEL SULLIVAN.

A devise of real estate by a husband to his wife, " to have and to hold the same forever," with a proviso that if she "at her decease should make no disposal of the property," "and leave no child or children after her to heir the estate, I then will and bequeath it" to certain named benevolent societies, gives her a full power of disposition by deed as well as by will.

BILL IN EQUITY praying that the defendant might be decreed specifically to perform an agreement for the purchase of certain described real estate. The answer denied that the plaintiff was seised in fee simple of the premises so as to be able to make a valid conveyance of the same according to the terms of the agreement.

The parties filed in the case an agreed statement of facts, from which it appeared that the plaintiff derived his title under the will of one Reuben F. Foster, through a deed from Sarah Foster, the widow of Reuben F., who died seised in fee simple of the premises in question, having made a will which was duly admitted to probate, and which, after certain bequests of personal property, contained this clause : " I give, devise and bequeath to my beloved wife Sarah all the residue of my estate, real, personal and mixed, of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease or afterward, to have and to hold the same forever. Nevertheless, provided my beloved wife Sarah at her decease should make no disposal of the property herein willed and bequeathed to her, and leave no child or children after her to heir the estate, I then will and bequeath the residue of my estate above mentioned to be equally divided between the three benevolent societies hereafter named, to wit : the American Board of Commissioners for Foreign Missions, the American Bible Society, the American Home Missionary Society."

Sarah thereupon entered upon and held the premises under the will until the making of her deed to the plaintiff. At the time of the execution of the will, there was living one son of Reuben and Sarah, who was the only child, and who survived the testator.

Sarah and her son were both alive, and Sarah had remarried, but had no other issue.

The case was reserved by *Wells*, J., upon the pleadings and the statement of facts, for the consideration of the full court.

*G. Wheatland*, for the plaintiff.

*G. F. Choate*, for the defendant.

MORTON, J. The devise in the fifth clause of the will of Reuben F. Foster, of all the residue of his estate to his wife Sarah, "to have and to hold the same forever," is in apt words to give her a fee. It is not to be cut down to a lesser estate by the subsequent terms of the will, unless they show a clear intention of the testator to do so.

The proviso that if his wife " at her decease should make no disposal of the property herein willed and bequeathed to her, and leave no child or children to heir the estate," then the estate shall go to the three benevolent societies named, necessarily implies that she is to have the power of disposing of it by will. *Bowen* v. *Dean*, 110 Mass. 438. And we are of opinion that the reasonable inference from the proviso, construed in connection with the prior devise giving her a fee, is that the testator intended to give her a full power of disposal by will or deed, and, in case she should not have made any disposal of it at her decease, and should leave no children to inherit it, to devise it over to the three societies named. The language used is inartificial, but it is clear that the testator understood that he gave her an estate which her children would take by inheritance, if she did not dispose of it. It is not necessary to decide whether she took an absolute fee, the provisions subsequent to the gift in fee being repugnant and void, or a qualified fee, determinable if she died without children and without having disposed of the estate, with an executory devise over. In either case, as she had an absolute power of disposal, her deed conveyed a fee to the plaintiff. It follows that he can convey a good title to the defendant, and is entitled to a decree for a specific performance.

*Decree for the plaintiff.*