SAMUEL BAMFORTH & another *vs.* SARAH M. BAMFORTH & others.

Hampshire. Sept. 25. — Oct. 15, 1877. ENDICOTT & LORD, JJ., absent.

A testator, by his will, gave his parents the use and improvement of all his estate, both real and personal, " and so much of the estate itself as may be necessary for their comfortable support so long as either of them shall live ; " and " at the death of my parents " devised to a sister and a friend, " should either of them be living," a certain part of the remainder; and, "after the above bequests have been taken out of the estate," directed that the residue should be equally divided between persons named. *Held*, on a petition for the sale of the real estate, under the St. of 1868, c. 287, that the devise over was a contingent remainder. *Held, also, that*

the will create 1 no trust estate, either expressly or by implication, and that a decree of the Probate Court dismissing a petition filed under the St. of 1869, c. 331, for the sale of the real estate, on the ground that the remainder was vested, was not a bar.

PETITION under the St. of 1868, c. 287, for a decree for a sale of land, on the ground that it was incumbered by contingent remainders.

At the hearing, before *Colt*, J., it appeared that Otis C. Bamforth died seised of the land in question, and that his will contained the following clauses:

" I give and bequeath to my parents, Samuel Bamforth and Betty Bamforth, the use and improvement of all my estate, both real and personal, of which I may be possessed at the time of my decease, and so much of the estate itself as may be necessary for their comfortable support so long as either of them shall live.

" At the death of my parents, I give and bequeath to my sister Sarah M. Bamforth, and my friend Nancy Eleanor Spaulding, should either of them be living, one fourth each of my estate then remaining.

" After the above bequests have been taken out of the estate, I order and direct that the remainder be equally divided into five equal parts, and given to the following persons, viz.: Martha Ann Whitehouse, wife of Joseph B. Whitehouse; James Watson Bamforth, Sarah M. Bamforth, William C. Bamforth and Nancy Eleanor Spaulding.

" Should either of the above named persons die before the division last named is made, leaving no children, I order and direct that the amount be equally divided among the survivors."

The petitioners were the father and mother of the testator, and it was admitted that a like petition had, under the St. of 1869, c. 331, before this petition was filed, been presented, heard and dismissed in the Probate Court; that one of the questions before that court was, whether the respondents' interest under the will was a contingent or vested remainder; and that that court held it to be a vested remainder.

The justice of this court found upon the evidence that it appeared to be necessary and expedient that a sale and conveyance of the real estate be made as prayed for; and, at the

request of the respondents, reserved the case for the consider·
ation of the full court.

*W. G. Bassett*, for the petitioners.

*A. J. Fargo*, for the respondents.

GRAY, C. J.   The legal effect of the testator's dispositions of
his real estate is as follows :  He first gives his parents an estate
for life.   He also gives them "so much of the estate itself as
may be necessary for their comfortable support so long as either
of them shall live," thereby giving them a power to dispose of
so much of the fee as may be necessary for that purpose; and,
whether their determination upon such question of necessity is
or is not conclusive, no trust is created in them or in the execu-
tor.   *Minot* v. *Prescott*, 14 Mass. 496.   *Stevens* v. *Winship*, 1
Pick. 318.   *Larned* v. *Bridge*, 17 Pick. 339.   *Harris* v. *Knapp*,
21 Pick. 412.   *Dodge* v. *Moore*, 100 Mass. 335.   *Whitcomb* v.
*Taylor*, 122 Mass. 243.   The devise over, "at the death of my
parents," to a sister and a friend, is made contingent by the
words "should either of them be living;" and the residuary
devise to other persons, "after the above bequests have been
taken out of the estate," is necessarily likewise contingent.
*Holm* v. *Low*, 4 Met. 190, 201.   *Thomson* v. *Ludington*, 104
Mass. 193.

As the will created no trust estate, expressly or by implica-
tion, the Probate Court had no jurisdiction to order a sale under
the St. of 1869, c. 331, whether the remainder was vested or
contingent, and its opinion upon that question was extrajudicial
and of no binding effect.

The estate being, in our opinion, incumbered by a contingent
remainder, and the justice of this court, before whom the hear-
ing was had, having found it to be necessary and expedient
that a sale and conveyance should be made, it is so ordered.
St. 1868, c. 287.   *Symmes* v. *Moulton*, 120 Mass. 343.

*Petition granted.*