THOMAS J. GIBBINS *vs.* LUTHER E. SHEPARD & others.

Middlesex.    January 15. — October 19, 1878.

A will contained the following clause: "After payment of my just debts and funeral expenses, I give and devise to my wife one third of all my real estate to her sole use and behoof forever, together with all the furniture or personal property now in the house, and the other two thirds I leave in her power, and bequeath to her for her support during her lifetime, and leaving it as an injunction on her to divide it on the children at her death, as she deems best, and as they deserve." The personal estate was insufficient to pay the debts and funeral expenses, and the administrator with the will annexed sold the real estate, and had a sum remaining in his hands after paying such debts and expenses. *Held*, that the wife took an estate in fee in one third of the residue; that, as to the other two thirds, she took at least an estate for life, with a power to convey the fee and to receive the proceeds; that she was entitled to the residue of the proceeds in the administrator's hands, and to use them at her discretion for her support; and that no trust was created by the will in favor of the children.

An executor, desiring to obtain the instructions of the court, should bring a bill in equity, and not a petition.

PETITION IN EQUITY, by Thomas J. Gibbins, administrator with the will annexed of Thomas Gibbins, to obtain the instructions of the court.

The petition alleged that the testator, who died on June 7, 1876, left a will, which was duly admitted to probate on December 4, 1876, and contained the following clauses :

"First. I hereby constitute and appoint my wife Elizabeth Gibbins to be sole executrix of this my last will, directing my said executrix to pay all my just debts and funeral expenses,

and to settle my estate, whether real or personal, as hereinafter mentioned.

"Second. After payment of my just debts and funeral expenses, I give and devise to my said executrix one third of all my real estate, to her sole use and behoof forever, together with all the furniture or personal property now in the house, and the other two thirds I leave in her power, and bequeath to her for her support during her lifetime, and leaving it as an injunction on her to divide it on the children at her death, as she deems best, and as they deserve."

The petition further alleged that the testator did not leave sufficient personal property to pay debts and funeral expenses ; that his real estate had been sold under a license from the Probate Court for that purpose ; that after the payment of the debts and funeral expenses, there remained in the hands of the administrator the sum of $1521.42, as the balance of the proceeds of such sale ; that the testator left four children, of whom the petitioner was one, and a widow, the executrix named in the will, who had since been adjudged an insane person, and the defendant Shepard had been appointed her guardian ; and that the true construction of the will was so doubtful as to need the aid and direction of this court to determine the same, and the petitioner's duties concerning the estate, and the rights of the several parties interested therein. The instruction of the court was requested, after such notice to the parties as to the court should seem best, as to whether the balance in the hands of the administrator should be paid to the wife of the testator, or only one third thereof and the income of the other two thirds, retaining said two thirds in his hands during her lifetime.

Notice was ordered to be served on all the parties interested. The petition was afterwards ordered to be taken *pro confesso* as to all except the guardian of the widow, who appeared and filed an answer, admitting the allegations of the petition ; and the case was reserved by *Soule*, J., on the petition and answer, for the consideration of the full court.

*G. Stevens*, for the guardian of the widow.

*J. F. McEvoy*, contra.

SOULE, J. The moneys in the hands of the administrator are the proceeds of real estate of his testator, sold for the payment

of debts, remaining after such payment. He is responsible for the proper disposition of them, and therefore entitled to ask the instruction of this court as to the true construction of the will under which he is acting. His application contains no prayer for process, and is in the form of a petition rather than of a bill in equity; but as no objection was made by the defendants to the maintenance of the proceedings on this ground, and as any deficiency in this regard is open to amendment; *Belknap* v. *Stone*, 1 Allen, 572 · we refer to the matter only for the purpose of saying that the proper practice is to proceed by bill, in the regular form.

The case presents a single question of construction. In determining it, we must ascertain, if possible, the intention of the testator, and give effect to that intention, unless prevented by some established rule of law.

As to one third part of the residue of the estate after payment of the debts and expenses of administration, it is clear that the widow takes the fee. The language of the will is apt and full thus far.

As to the remaining two thirds, the language is peculiar. " The other two thirds I leave in her power, and bequeath to her for her support during her lifetime, and leaving it as an injunction on her to divide it on the children at her death, as she deems best, and as they deserve." It is contended on the part of the children of the testator, that, under this provision, the widow takes a life estate only, with a power of appointment by will among the children, at her discretion. We are of opinion, however, that this is not the true construction. The words " I leave in her power," coupled with the other language of the devise, are equivalent to the words, " with power to dispose of the same as she shall think proper." This being so, the widow took at least an estate for life, with a power to convey the fee and to receive the proceeds. *Cummings* v. *Shaw*, 108 Mass. 159. The real estate having been sold by the administrator for payment of debts, the balance of the proceeds in his hands, after such payment, must go to the person whom the will authorizes to convey the estate. If the subsequent words, enjoining the widow to divide the estate on her death on the children, make a good devise over, such devise would take effect in case of a failure by

the widow to convey during her life.   *Smith* v. *Snow*, 123 Mass 323.   But the conveyance having been made, the widow is entitled to receive the remaining proceeds, and to use them at her discretion for her support.   No trust is created by the will in favor of the children.   *Bamforth* v. *Bamforth*, 123 Mass. 280.

*Decree accordingly.*