CHARLES R. JOHNSON *vs.* GEORGE S. BATTELLE.

Worcester.    October 19. — 21, 1878.    AMES & SOULE, JJ., absent.

Under a will containing the following clause : "All the rest, residue and remainder of my estate, real, personal or mixed, of whatever name or nature, I devise and bequeath to A. for his comfort, support and maintenance during his natural life, and at the decease of A., whatever of said estate remains unexpended by him, then I give and bequeath the same to B.," A. takes an estate for life, with a power to sell and convey in fee, if necessary for his support and maintenance ; and the remainder over is contingent on its not becoming necessary to exercise that power.

CONTRACT for breach of the covenants in a deed of land from the defendant to the plaintiff. The case was submitted to the Superior Court, and, after judgment for the plaintiff, in the sum of $1200, to this court, on appeal, on an agreed statement of facts in substance as follows :

The deed from the defendant to the plaintiff contained the following covenants : "And I do hereby for myself and my heirs, executors and administrators, covenant with the said grantee and his heirs and assigns, that I am lawfully seised in fee simple of the granted premises, that they are free from all incumbrances, that I have good right to sell and convey the same as aforesaid : and that I will, and my heirs, executors and administrators, shall warrant and defend the same to the said grantee and his heirs and assigns forever against the lawful claims and demands of all persons."

The defendant's title was acquired under the will of his wife, which, after providing for debts and expenses of last sickness, contained the following clause: " All the rest, residue and remainder of my estate, real, personal or mixed, of whatever name or nature, I devise and bequeath to my beloved husband, George S. Battelle, for his comfort, support and maintenance during his natural life, and at the decease of my said husband, whatever of said estate remains unexpended by him, then I give and bequeath the same to my nieces, to wit: to Elizabeth P. Converse, Ella M. Bartlett and Anna R. Brigham, to be divided equally between them, share and share alike."

The defendant was also appointed executor of the will, and empowered to perform all lawful acts and things necessary to carry the same into effect, according to its true intent and meaning.

The estate conveyed to the plaintiff was substantially all that was acquired by the will, and is all the property the defendant has. The net income of the property will not exceed $100 per annum, and is insufficient to support the defendant. The nieces mentioned in the will are still living.

*S. Utley*, for the plaintiff, cited *Harris* v. *Knapp*, 21 Pick. 412; *Spooner* v. *Lovejoy*, 108 Mass. 529; *Kimball* v. *Sullivan*, 113 Mass. 345; *Lyon* v. *Marsh*, 116 Mass. 232; *Ladd* v. *Whitney*, 117 Mass. 201; *Whitcomb* v. *Taylor*, 122 Mass. 243; *Bamforth* v *Bamforth*, 123 Mass. 280.

*F. T. Blackmer*, for the defendant.

GRAY, C. J. By the will, the defendant took an estate for life, with a power to sell and convey in fee, if necessary for his support and maintenance, and the remainder over was contingent on its not becoming necessary to exercise that power. The facts agreed showing such necessity, the deed from the defendant to the plaintiff passed an absolute title. *Lyon* v. *Marsh*, 116 Mass. 232. *Bamforth* v. *Bamforth*, 123 Mass. 280. *Smith* v. *Snow* 123 Mass. 323. *Gibbins* v. *Shepard*, post, 541.

*Judgment for the defendant.*