## CALEB E. TAFT & others *vs.* MARY J. TAFT.

Norfolk. Jan. 19. — Feb. 26, 1881. MORTON & FIELD, JJ., absent.

A testator devised to his daughter the use, income and improvement of all his real and personal estate, with power to sell the real estate, or to cut and sell the wood and timber thereon, and to devote the proceeds of such sales, as well as the income of the property, to the maintenance and support of herself and her children, and "with the privilege of disposing of any part of the principal derived from the sale of land, or from other sources, in such way and manner as she may think best." The will also provided that, at her decease, she might bequeath and devise, by her last will approved by her husband, any unexpended income, or any proceeds of the sales of land, or any real estate not sold; but that if, at the time of her decease, there was any of the testator's estate not disposed of by her will, then the same was to be held by an administrator *de bonis non*, or by a trustee to be appointed, for the benefit of her children during their minority, and the same was to be paid over to them respectively, in equal shares, upon attaining twenty-one years of age. *Held*, that the will created no trust for the benefit of the children, but that they took contingent remainders.

BILL IN EQUITY by the minor children of the defendant, al-leging that Ellery T. Grant by his will, which was duly admit-ted to probate, devised certain property to the defendant, to be held by her for certain purposes, and among others in trust for said minor children; that letters testamentary were issued to the defendant, the executrix named therein; that the defend-ant had advertised certain land, included in the will, for sale, and threatened to sell the same, and was selling and using the personal estate contrary to the provisions of said will; that the defendant was a spendthrift, and was wasting said estate, and the true intent of said testator and the trust created in said will in favor of the plaintiffs was liable to be defeated and rendered of no avail; that it was not the intent of the testator, as ex-pressed in said will, to have said real estate sold, unless it was necessary for the support of the defendant to have it sold, and it was not necessary to have the same so sold; and if the same should be sold, as the defendant threatened to do, the proceeds thereof would be unnecessarily expended and wasted, and the trust therein destroyed and defeated.

The prayer of the bill was that the defendant be restrained by injunction from selling said real estate, or from expending the proceeds thereof except upon such terms and conditions as the court should order, and from wasting said personal estate; and for further relief.

The will, a copy of which was annexed to the bill and made a part thereof, contained the following clauses:

" 1st. After the payment of my just debts, funeral charges and charges of administration, I give, devise and bequeath the use, income and improvement of all my estate, both real and personal, wherever situate, with the privilege of cutting and sell-ing wood and timber from the woodland *ad libitum*, and the pro-ceeds of the sale of any or all my real estate, to my daughter, Mary Jane Taft, for her maintenance and support, with the privilege of using, if in her judgment she desires, any part or all of said income or proceeds of the sale of such real estate and sales of wood and timber for such maintenance and support, or for the support of her children, with the privilege of disposing of any part of the principal derived from the sale of land, or from other sources, in such way and manner as she may think best.

" 2d. My said daughter may make a will devising any unexpended income in her hands, or the proceeds of the sale of any real estate which may have been sold, of which she may die seised, and she is hereby authorized to devise in such will all the real estate of my estate which may remain unsold; provided, however, her husband, if she shall have one living at the time of making said will, shall duly approve the same, but in case there shall remain at the time of her decease any part of said income, or the proceeds of the sale of any of my real estate, or from the sale of wood and timber, in her hands unexpended, or not duly and legally disposed of by my said daughter by will or otherwise; or should there remain any of my real estate of which I may die seised unsold, or which has not been legally disposed of by will of my said daughter, then and in such event my will is that such income and proceeds of the sale of any of my real estate, and from sale of wood and timber, shall be held in trust by some administrator *de bonis non* with this will annexed, or trustee (other than the present husband of my said daughter) to be appointed by the Probate Court of said county of Norfolk, who is hereby duly authorized to sell at public auction, at his discretion, any and all real estate belonging to my estate remaining unsold, or not legally disposed of at the decease of my said daughter. Such administrator or trustee shall invest such income, the proceeds of the sale of any real estate, and from the sale of wood and timber so remaining, together with such sum or sums as he may receive from the sale of any real estate of my estate sold by such administrator or trustee, for the benefit of the children of my said daughter; the principal sum to be paid to them or the survivors of them when they shall respectively arrive at the age of twenty-one years, share and share alike; the income from such principal may be paid over for the benefit of such children during their minority, equally, if needed for their education and support.

" 3d. I hereby authorize and direct my executrix hereinafter named, at her discretion, to sell any or all the real estate of which I may die seised, at private sale or public auction, at her discretion, and invest the proceeds as her judgment shall dictate.

" 4th. I hereby nominate and appoint my said daughter, Mary Jane Taft, executrix of this, my last will and testament, and I hereby request she may not be required to give bond."

The defendant demurred to the bill for want of equity. The case was heard on bill and demurrer by *Colt*, J., who ordered a decree to be entered sustaining the demurrer, and dismissing the bill with costs. The plaintiffs appealed to the full court.

*E. Ames*, for the defendant.

*S. H. Tyng*, for the plaintiffs.

ENDICOTT, J. By the will of the testator, the use, income and improvement of all his real and personal estate are given to his daughter Mary J. Taft, the mother of the plaintiffs, with power to sell the real estate, or to cut and sell the wood and timber thereon, and to devote the proceeds of such sales, as well as the income of the property, to the maintenance and support of herself and her children, and " with the privilege of disposing of any part of the principal derived from the sale of land, or from other sources, in such way and manner as she may think best."

The will also provides that, at her decease, she may bequeath and devise, by her last will approved by her husband, any unexpended income or any proceeds of the sales of land, or any real estate not sold ; and there is no restriction upon her power of disposition. But if, at the time of her decease, there is any of the testator's estate not disposed of by her will, then the same is to be held, by an *administrator de bonis non*, or by a trustee to be appointed, for the benefit of the plaintiffs during their minority, and the same is to be paid over to them respectively in equal shares upon attaining twenty-one years of age.

The plaintiffs allege that a trust was created by these provisions for their benefit; and they seek to restrain the defendant from selling land and from expending the proceeds thereof, except upon such terms as the court may order ; and that she may also be enjoined from wasting the estate.

But the defendant is given full control of all the property. She may sell and dispose of the estate during her life " as she may think best; " and any portion remaining at her death she may dispose of by will. The gift of the remainder to the plaintiffs is contingent upon the event that some estate remains at

the death of the defendant not disposed of by her will. They thus take contingent remainders, and no trust was created by the will for their benefit. *Bamforth* v. *Bamforth,* 123 Mass. 280. *Johnson* v. *Battelle,* 125 Mass. 453. *Gibbins* v. *Shepard,* 125 Mass. 541. *Weston* v. *Jenkins,* 128 Mass. 562.

*Decree affirmed.*