BENJAMIN F. PERRY & others *vs.* IRA CROSS & another.

Middlesex.    Jan. 16. — March 4, 1882.    LORD, FIELD & C. ALLEN, JJ.,
absent.

A testator gave to his wife, in lieu of dower, certain real estate in fee and certain personal property; and provided that, "if any of the above-named property should remain undisposed of by my wife at her decease," it should go to his heirs at law.  Three years before her death, the wife conveyed this real and personal estate by deed, in trust for the following uses and purposes: "During my natural life I am to have, hold and enjoy the full and sole use and benefit and improvement of all said real and personal estate; at my decease said real and personal estate shall be distributed and given" in a manner specified.  Livery of seisin was made to the grantee, who paid to her the consideration of one dollar therein named.  *Held*, that the property did not remain "undisposed of" at the death of the wife.

WRIT OF ENTRY, dated August 20, 1881, by the heirs at law of George W. Perry, to recover a parcel of land in Malden.  Plea, *nul disseisin*.  The case was submitted to the Superior Court, and, after judgment for the tenants, to this court, on appeal, on agreed facts, which appear in the opinion.

*C. S. Lincoln*, for the demandants.

*W. S. Stearns*, for the tenants.

ENDICOTT, J.    By the will of George W. Perry the demanded premises were devised to his wife, " to have and to hold the same to her and her heirs and assigns forever."  He also bequeathed to her all the household furniture, utensils, and chattels contained in the dwelling-house situated thereon, and the sum

of $1500 per annum during her life; these gifts to be "in full of all her interest in my estate, and in lieu and bar of dower." Following these provisions is this clause: "It is also my will that if any of the above-named property should remain undisposed of by my wife at her decease, the same shall descend and belong to my heirs at law." The wife was appointed executrix.

So far as the demanded premises and the household furniture are concerned, it is plain that the testator intended that, if undisposed of at her decease, they should belong to his heirs at law. There can be no question that the wife could dispose of the demanded premises during her lifetime, and only in the contingency of her failure to do so could his heirs at law take any interest therein at her decease. *Taft* v. *Taft*, 130 Mass. 461.

In 1878, more than three years before her death, she conveyed to the tenants the demanded premises and the household furniture above described, in trust for the following uses and purposes: "During my natural life I am to have, hold, and enjoy the full and sole use and benefit and improvement of all said real and personal estate; at my decease said real and personal estate shall be distributed and given as follows." She then disposes of certain articles of personal property, and directs the sale of the real estate and provides for the distribution of the proceeds. This deed was not to take effect *in futuro*, and was delivered to the tenants, who paid to her the consideration of one dollar therein named; and the statement of facts recites that she "on the same day made livery of seisin of said demanded premises to said tenants." She thus executed and delivered a voluntary conveyance of this real and personal property in trust, reserving to herself an equitable life estate therein, namely, the use, benefit and improvement of the same during her natural life. There was no power of revocation contained in the deed, and after the delivery of the same she could not change the terms of the settlement. The legal estate vested in the tenants as trustees; whether they took the premises subject to her life estate, or with the duty imposed upon them as trustees to give her the use, benefit and improvement of it during life, either by allowing her to occupy it, or by paying to her the income thereof, it is not important to inquire, for, in either case, she was simply

entitled to the use, benefit and improvement of the estate for life, which might be satisfied by her occupation of the same, or by her receiving the income thereof. She had no power to convey, and thereby defeat the settlement. And the only question presented is, whether, by the deed to the tenants, she disposed of it within the meaning of the will. The court is of opinion that she did. Having the absolute ownership, she had the same right of disposition that any owner has of his property, and the words of the will, "if any of the above-named property should remain undisposed of by my wife at her decease," must refer to any disposition of it, by sale or otherwise, that she in her lifetime, as owner, might see fit to make.

It is too well settled to require the citation of many authorities that the owner of property may make a voluntary conveyance to trustees, reserving to himself an equitable life estate therein, with provisions for the distribution of the fund upon his decease. Several cases in our own reports closely resemble the case at bar. In *Sewall* v. *Roberts*, 115 Mass. 262, the owner of personal property conveyed the same to trustees, to pay the income to himself for life, and upon his decease then upon trust for the special use and benefit of his children. There was no power of revocation. He subsequently undertook to change the terms of the settlement. It was held that the settler had an equitable life estate in the property, with no power to change the terms of the settlement. In *Stone* v. *Hackett*, 12 Gray, 227, the income of property assigned to trustees was to be paid to the donor during life, and upon his decease was to be divided among various charities, and the trust was held to be valid. And where a depositor in a savings bank assigned her deposits to a trustee, with an agreement that he should draw for her what money she wanted during her lifetime, and at her decease should pay over what might remain to her son, it was held to be a valid gift, and that her executor had no claim to the balance. *Davis* v. *Ney*, 125 Mass. 590.

It is contended by the demandants, that this deed was in effect a testamentary disposition of the property, not contemplated or permitted by the will. But a deed differs from a will in that it cannot be revoked, and speaks from the time of its execution and delivery; the interest therein conveyed vests at once in the

grantee, though in many cases the possession and full enjoyment may not take effect until the death of the grantor or a life or lives in being; while a will is of no effect whatever until the decease of the testator, and is revocable during his life. The effect, so far as the disposition and enjoyment of property is concerned, may be the same by a deed as by a will; but either course is open to the owner of property. In this case, as, by the terms of the devise, the wife had the full and absolute power to dispose of the property, as any other owner, she was not precluded in her lifetime from conveying the demanded premises in trust, reserving an interest therein for life, although it is clearly to be implied from the language used that she could not devise by will that which was undisposed of at her decease. See *Wallis* v. *Wallis*, 4 Mass. 135; 1 Jarm. on Wills, 17.

*Judgment for the tenants.*