FRANCES A. KELLEY & others *vs.* JOHN R. MEINS & others.

Suffolk. March 21. — June 21, 1883. DEVENS & W. ALLEN, JJ., absent.

A testator by his will devised all his estate real and personal to his son. By a codicil, he provided that, if the son should die without leaving living issue, then any portion of the estate which might remain should be equally divided among the testator's sisters and nieces and their female heirs and assigns. By a subsequent codicil, he provided that the son should not come into possession of the estate until he attained the age of twenty-five years; and that the executor should hold the estate in trust, and apply the income thereof to his support, until he attained that age. The son died after reaching the age of twenty-five years, in possession of the property, intestate and without leaving issue. *Held*, that his heirs were entitled to the estate, and not the testator's sisters and nieces.

If several demandants join in a writ of entry, and some of them fail to prove their title, the action must fail as to all, unless the writ is amended by striking out the names of those who have not proved their title.

WRIT OF ENTRY, dated December 16, 1881, brought by Frances A. Kelley, Emma H. English, Susan C. Johnson, Harriet E. Johnson, Rebecca M. Riley and Mary V. Riley, against John R. Meins, William Cains, Joseph Cains and Mary Mills, to recover three parcels of land in Boston. Each tenant pleaded *nul disseisin*, claiming one undivided sixth of the several parcels, and disclaiming as to the other five sixths. The case was submitted to the Superior Court, and, after judgment for the demandants for two undivided sixth parts, on the tenants' disclaimer, and damages assessed at one dollar, and judgment for the tenants for the remaining four sixth parts, to this court on appeal, on agreed facts, in substance as follows:

The demandants are the sisters and nieces of Anna A. Meins; and the tenants are four of the six heirs at law of Benjamin R. Meins, Jr., the son of Anna A. Meins, the other two heirs of said Benjamin being the demandants Susan C. Johnson and Rebecca M. Riley.

Anna A. Meins died on June 23, 1870, leaving a will and two codicils, which were duly admitted to probate on August 15, 1870. Her will, dated May 16, 1870, appointed her husband and Joseph C. Storey as executors, and contained the following clause: "After payment of all my just debts, I give and bequeath to my son, Benjamin R. Meins, Jr., all my estate and property of which I shall die seised or possessed, whether real, personal, or

mixed. To have and to hold the same to him, the said Benjamin R. Meins, Jr., his heirs, executors, administrators and assigns, forever." The first codicil, dated the same day as the will, contained the following: "If my said son, Benjamin R. Meins, Jr., shall die without leaving living issue, then any portion of my said estate and property which may remain shall be equally divided among my sisters and nieces and their female heirs and assigns." The second codicil, dated June 4, 1870, contained the following: "My will is that my said son, Benjamin R. Meins, Jr., shall not come into possession of my estate and property devised and bequeathed to him in and by my said will until he shall have attained the age of twenty-five years. And until he shall attain that age, the said executors of my said will shall hold the estate and property therein given him in trust, to apply the income thereof to his support."

Benjamin R. Meins, the husband of Anna A. Meins, and Joseph C. Storey, were duly appointed executors of the will. They filed an inventory showing real estate appraised at $3300, and personal estate appraised at $6931. After the filing of the inventory, the executors were duly appointed trustees under the will. Benjamin R. Meins died on August 1, 1872.

Storey, as surviving trustee, lent money belonging to the trust, secured by mortgages of land, which mortgages were foreclosed by the trustee, and he thus acquired title to the premises demanded in this action.

On January 13, 1881, Benjamin R. Meins, Jr. arrived at the age of twenty-five years, and subsequently Storey conveyed to him the lands in question by a quitclaim deed. On October 24, 1881, said Meins died intestate, without issue, never having been married.

*N. C. Berry & J. K. Berry*, for the demandants.

*W. W. Doherty*, for the tenants.

FIELD, J. Anna A. Meins by her will gave all her estate, real and personal, to Benjamin R. Meins, Jr. The intention of the testatrix, as expressed in the first codicil, is, that if Benjamin R. Meins, Jr. shall die without leaving issue living at his death, "then any portion of my said estate and property which may remain shall be equally divided among my sisters and nieces and their female heirs and assigns." By the portion that may

remain is meant the portion that may remain at the death of Benjamin R. Meins, Jr.; and the construction to be given to this codicil and the will taken together is, that Benjamin R. Meins, Jr. shall have during his life the absolute power of disposing of all the property given. *Ide* v. *Ide*, 5 Mass. 500. *Harris* v. *Knapp*, 21 Pick. 412.

The effect of the second codicil is that Benjamin R. Meins, Jr. shall not come into possession of the property given him until he shall attain the age of twenty-five years, and meanwhile the executors shall hold the property in trust to apply the income to his support.

As the lands demanded were purchased with the personal property of the testatrix after her death, the principal question is whether the bequest to her sisters and nieces contained in the first codicil is not void, on the ground that it is repugnant to the rights of property, and of control over it, which were given to Benjamin R. Meins, Jr.

It may be said that, as the personal property with which the lands were purchased never came into the possession of Meins, and was never mingled with his other property, the lands are as certainly identified as derived from the estate of the testatrix as if they had formed a part of the devise of her real property. The rights of the demandants cannot be greater than if the lands were a part of those devised; and, without considering the distinctions which may exist between executory bequests and executory devises, we shall consider the case as if the testatrix had been seised of the lands demanded at the time of her death. See *Hooper* v. *Bradbury*, 133 Mass. 303.

That grantees of Meins would have taken a good title as against these demandants is clear. *Ide* v. *Ide*, *ubi supra*. *Gifford* v. *Choate*, 100 Mass. 343. *Hale* v. *Marsh*, 100 Mass. 468. *Lyon* v. *Marsh*, 116 Mass. 232.

It is argued that the devise of the portion of real property, which may remain on the death of Meins without leaving living issue, to the sisters and nieces of the testatrix, cannot take effect as a remainder because of the fee first given to Meins; and that it cannot take effect as an executory devise because of the right and power given to Meins to defeat the devise by disposing of the whole property during his life.

Where land is given by will absolutely to one person, with a gift over to another of such portion of it as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given. *Ide* v. *Ide, ubi supra. Burbank* v. *Whitney*, 24 Pick. 146. *In re Wilcocks' settlement*, 1 Ch. D. 229. *In re Stringer's estate*, 6 Ch. D. 1. *Holmes* v. *Godson*, 8 DeG., M. & G. 152. *Gulliver* v. *Vaux*, 8 DeG., M. & G. 167. *Shaw* v. *Ford*, 7 Ch. D. 669. *Ramsdell* v. *Ramsdell*, 21 Maine, 288. *Rona* v. *Meier*, 47 Iowa, 607.

But when a life estate only is given to one person with a power to dispose of the land in which the life estate is given, and on the death of the first taker the portion of the land remaining undisposed of is given to another, the gift over is valid, and takes effect as to all the land remaining undisposed of on the death of the life tenant, as a remainder. *Smith* v. *Snow*, 123 Mass. 323. *Taft* v. *Taft*, 130 Mass. 461. *Bamforth* v. *Bamforth*, 123 Mass. 280. *Gibbins* v. *Shepard*, 125 Mass. 541. *Johnson* v. *Battelle*, 125 Mass. 453. *Burleigh* v. *Clough*, 52 N. H. 267. *In re Stringer's estate, ubi supra.*

Whether the first devisee takes a fee or only a life estate with a power to dispose of the land, and whether the power of disposal is only of the life estate or of the whole property, are often difficult questions of construction. *Lyon* v. *Marsh, ubi supra. In re Stringer's estate, ubi supra. Pennock* v. *Pennock*, L. R. 13 Eq. 144. *Bowen* v. *Dean*, 110 Mass. 438. *Smith* v. *Bell*, 6 Pet. 68. *Bacon* v. *Woodward*, 12 Gray, 376. *Brant* v. *Virginia Coal & Iron Co.* 93 U. S. 326.

In the case at bar, if the provisions of the first codicil had been such that, if Meins should die without leaving issue living at his death, then the land given him should be equally divided among the sisters and nieces of the testatrix, Meins would have taken a fee in the land determinable on his dying without leaving issue living at his death, with an executory devise over to the sisters and nieces of the testatrix. Such an estate Meins could convey subject to the executory devise ; but it would have been a different estate from an estate for his life, and could not by construction be cut down to an estate for his life. With such a determinable fee, the first codicil actually gives to Meins an absolute power of disposing of the land during his life. The

addition of this power cannot well be held to diminish the estate given to Meins, and to cut it down to a life estate. It was the intention of the testatrix, that, if Meins died leaving issue living at his death, he might dispose of what remained by will, or that, leaving no will, it should descend to his heirs.

Such a power of disposal is, we think, inconsistent with an executory devise; and, as the estate of Meins cannot be' cut down to a life estate, it follows that the limitation over is void. Such, we think, is the weight of authority. *Ide* v. *Ide, ubi supra. Gifford* v. *Choate, ubi supra. Jackson* v. *Robins,* 16 Johns. 537. *McRee* v. *Means,* 34 Ala. 349. *Jones* v. *Bacon,* 68 Maine, 34. *McKenzie's appeal,* 41 Conn. 607. *Holmes* v. *Godson, ubi supra.*

*Andrews* v. *Roye,* 12 Rich. (S. C.) 536, is *contra. Stevenson* v. *Glover,* 1 C. B. 448, must, it seems, be regarded as overruled by *Holmes* v. *Godson* and *Shaw* v. *Ford, ubi supra.* In *Kimball* v. *Sullivan,* 113 Mass. 345, it was left undetermined whether the wife took an absolute fee, or a qualified fee with an executory devise over. In *Perry* v. *Cross,* 132 Mass. 454, the court held that the conveyance by the wife during her life was valid, and it was unnecessary to determine whether the heirs would have taken anything if the land had not been conveyed by the wife. The attention of the court seems not to have been called to the distinction that in *Taft* v. *Taft,* 130 Mass. 461, which it cites, the daughter probably took a life estate only, with a power of disposal, while, in *Perry* v. *Cross,* the wife probably took a fee.

As we think the limitation over is void, the demandants, as sisters and nieces of Anna A. Meins, have no title; but, as two of the demandants, namely, Susan C. Johnson and Rebecca M. Riley, are also two of the six heirs of Benjamin R. Meins, Jr., they, as his heirs, are entitled to two undivided sixth parts of the demanded premises, and the tenants, as the four remaining heirs, to four undivided sixth parts.

There cannot be judgment entered for these two demandants for two undivided sixth parts, without striking out from the writ the other demandants. *Chandler* v. *Simmons,* 97 Mass. 508. If this is done in the Superior Court, judgment may be entered for the demandants, Susan C. Johnson and Rebecca M. Riley,

for two undivided sixth parts, and for damages assessed at one dollar, and for the tenants for the remaining four undivided sixth parts; otherwise, there must be a general judgment for the tenants.                            *Ordered accordingly.*