## CHARLOTTE TODD *vs.* CHARLES W. SAWYER.

Suffolk.　March 26, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise with Full Power of Disposition — Conveyance in Fee.*

A testator devised land to a daughter, "to be kept and retained by her as long as she shall live, and to be disposed of as to her seems proper at her decease," with no devise over. *Held*, that she could convey a good title in fee.

CONTRACT to recover for breach of an agreement by the defendant to purchase land.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts, in substance as follows.

Robert Todd, the father of the plaintiff, who died in 1873 seised in fee simple of the land in question, by his will, which

was dated November 6, 1866, and was duly admitted to probate, made various bequests, and a provision for certain expenses, and devised this land to the plaintiff " to her own sole and separate use, to be kept and retained by her as long as she shall live, and to be disposed of as to her seems proper at her decease," without any devise over; and gave all the residue of his estate, in trust, for the use and benefit of all his children.

On November 10, 1887, the plaintiff entered into an agreement in writing with the defendant for the sale and purchase of the land, and on October 15, 1887, duly tendered to him a deed thereof, " being the homestead estate of the late Robert Todd, and devised to me by his last will, with the rights of way appurtenant thereto, hereby conveying to the grantee all my right, title, and interest in and to said premises, . . . in execution of the power to me given in and by said will, and every other power and authority me hereto enabling." The defendant wholly refused then, or at any time, to complete the purchase, or to accept the deed or a conveyance of the premises, on the ground that the deed did not convey to him a fee simple, and that, under the will, the plaintiff did not take, and could not convey, a fee simple of the premises.

If the plaintiff took, under the will, an estate in fee simple, or such an estate, power, or interest as would enable her by her deed to vest in the defendant an estate in fee simple, there was a breach by the defendant of his agreement, and the damages for such breach are three hundred dollars, for which sum judgment was to be entered for the plaintiff; otherwise, judgment was to be entered for the defendant.

*H. W. Bragg*, for the plaintiff.

*R. Bradford*, for the defendant.

C. ALLEN, J. At the outset, it is apparent that the plaintiff has at least a life estate. The words, " to be kept and retained by her as long as she shall live," were probably not intended to prohibit an alienation during her life, but were rather expressive of the testator's expectation or wish. But if intended as a prohibition, no legal effect can be given to them, a provision against alienation being void. *Blackstone Bank* v. *Davis*, 21 Pick. 42. *Gleason* v. *Fayerweather*, 4 Gray, 348, 351. The words, " be disposed of as to her seems proper at her decease,"

imply a power of disposition either by will or by deed. *Kimball* v. *Sullivan*, 113 Mass. 345. *Tomlinson* v. *Dighton*, 1 P. Wms. 149.

There was no devise over. Taking the plaintiff's title, therefore, at the lowest, she has a life estate, with a full power of disposition by deed; and this enables her to convey a good title in fee. And indeed there seems to be no good reason for considering her own title as any less than a fee, especially in view of the provisions of the Gen. Sts. c. 92, § 5, that "every devise of land . . . shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate." *Cummings* v. *Shaw*, 108 Mass. 159. *Lyon* v. *Marsh*, 116 Mass. 232. *Bowen* v. *Dean*, 110 Mass. 438. *Hale* v. *Marsh*, 100 Mass. 468. *Whitcomb* v. *Taylor*, 122 Mass. 243, 248. *Gibbins* v. *Shepard*, 125 Mass. 541, 543. *Kelley* v. *Meins*, 135 Mass. 231.

According to the agreement, judgment must be entered for the plaintiff for three hundred dollars.

*Judgment for the plaintiff.*