EMMA W. BURBANK & others *vs.* MARGARET A. SWEENEY.

Middlesex. January 15, 1894. — June 19, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Devise — Power of Disposal by Will.*

A testator, who was not a lawyer, by his will drawn bv himself gave all his estate to his wife for life with remainder over of portions thereof to nephews and a charity, and the residue he left to his wife " to dispose of as she may deem expedient, but in the event that she should make no disposition of the same during her lifetime, I give the remainder of my estate not disposed of above to my heirs at law." *Held,* that the wife was given a power of disposal thereof by will as well as by deed during her life.

WRIT OF ENTRY, dated January 21, 1893, to recover a parcel of land in Natick. Plea, *nul disseisin.*

The case was submitted to the Superior Court, and after judgment for the demandants, to this court, on appeal, on agreed facts, the material portions of which appear in the opinion.

The case was argued at the bar in January, 1894, and afterwards was submitted on the briefs to all the judges.

*P. H. Cooney,* for the tenant.

*J. F. Wiggin,* for the demandants.

BARKER, J.   The testator first gave all his estate to his wife for life, and then proceeded to deal with the remainder after her death by giving to a nephew one piece of land and two thousand dollars, to another nephew another piece of land, and to an academy three thousand dollars, the income of which is " to be appropriated to aid some religious young man or men of promise in their preparation for college."   The will concluded with this provision : " Item 4th.  The remainder of my estate I leave for my wife to dispose of as she may deem expedient, but in the event that she should make no disposition of the same during her lifetime, I give the remainder of my estate not disposed of as above to my heirs at law."

The demandants are his nephews and nieces and his heirs at law.   The demanded premises were his home until his death, in the year 1873, and the home of his widow until her death, on October 26, 1891.   She made no sale or conveyance, but by a will executed on June 27, 1890, devised the premises to the tenant.   The testator was not a lawyer, and his will was drawn by himself.

The tenant contends that the will gave to the widow a power of disposal by will, while the demandants contend that the clause " but in the event that she should make no disposition of the same during her lifetime, I give the remainder of my estate not disposed of as above to my heirs at law," limits her power to conveyances to take effect during her life, so that she had no power of disposal by will, and that they are entitled to recover as devisees.

While the fact that the testator was not a lawyer is of some significance, the will does not indicate ignorance; while it shows some want of accuracy in the use of technical language, the testator would seem to have been able to express his intentions with considerable clearness and force.   As might be expected from his situation, possessing an ample property, and having a wife and no children, and no relatives nearer in degree than nephews and nieces, his dominant purpose is to make his wife his chief beneficiary.   That he had affection for her and confidence in her judgment is shown by the language, in which

he makes her sole executrix without bonds, as well as by that
in which he leaves the bulk of his estate for her to dispose of as
she may deem expedient. Considering his circumstances, this
power was not conferred with the view of insuring her support
if her income should be insufficient for that purpose, but as a
mark of esteem and confidence, and to strengthen and dignify
her position as an aged widow without children. The will
itself shows, by the charitable bequest to take effect after her
death, and the gifts to two of his nephews, that he knew that
his estate was more than sufficient for her needs, and that he
did not have a decisive feeling for his nephews and nieces as a
class, but was content to leave it to the discretion of his wife
whether four of the six should ever receive any part of his
estate. The agreed facts also show that both the testator and
his wife were actuated more by the desire to do honor to each
other, and to aid in charitable work, than to perpetuate an
estate, and the fact that she was so disposed may be presumed
to have influenced his action.

The precise question is whether he intended that his widow
should have power to dispose by will of the property which he
left for her to dispose of as she might deem expedient. Reading
the clause in which the testator, after having made in the two
previous items of his will three gifts to take effect after the de-
cease of his wife, provides for the ultimate disposal of the rest
of his property, and, in so doing, at the outset leaves the bulk of
his estate for her " to dispose of as she may deem expedient," a
majority of the court think that the testator meant to empower
his wife to make a disposition of that part of his estate by will.
In the first place, he contemplated that she would hold and
enjoy all his property during her life. The appraised value of
his whole estate was $25,000, and of this the demanded prem-
ises, on which was his dwelling-house, were appraised at $3,000.
Besides the homestead he had no real estate, except the two
parcels which after his wife's decease were given specifically to
two nephews, and which were appraised at $1,000. All of his
land except the homestead having been previously given after
his wife's death to nephews in such a way that the power of dis-
posal which he was drafting could not affect it, that power was
to affect, aside from personalty, only the homestead where he

resided, and where his wife would naturally continue to reside during her life. All of the property to which the power was to apply was property which he would wish and expect his wife to keep throughout her life. To give her a power to dispose of it only by deed or act to take effect during her life would be but an empty gift, requiring, to make it effectual, that she should in her old age devest herself of her money resources or her home. On the other hand, the power to dispose by will would be one in the highest degree beneficial to her, enabling her to enjoy during her whole life all of the property which he had given for her sole use and benefit during that term, and yet placing in her hands the means of rewarding those who should remain faithful to her, and of disappointing the hopes of his heirs if she saw fit. We do not think that the testator by the concluding portion of the sentence intended to restrict the full power of disposition which his words, as read in the light of the whole will and of the circumstances under which it was drawn, were meant to confer, and which included the power to dispose by will. He was writing his own will , and, judging him by it, he knew how to express clearly and explicitly a limitation of the power, if it was his wish to limit it. Not being a lawyer, it is not probable that he knew that an instrument which must be executed by his wife during her life, and which would dispose of the property by words speaking in the present tense, would for technical reasons have no operation during her life, and so might be contended not to be a disposition made during her life. By the words " not disposed of as above," he did not refer to a disposition to be made by his wife under the power, but to the gifts to the two nephews and to the academy made by himself in the two prior items of the will , so that there is no implied iteration by reference of the phrase " during her lifetime," and no implication that those words had to his mind any special meaning or importance. Again, the exact contingency on which the remainder is given to his heirs has not happened. That was " in the event that she should make no disposition of the same during her lifetime." But during her lifetime she did make a disposition by will; and all the acts necessary to make it an operative and effectual disposition must necessarily be done during her lifetime and by her; and the testator's thought in drafting the power would be that, if she

executed it by will, she must do so in her lifetime. The natural signification of the words "during her lifetime," as they are here used by this testator, is either to make it sure that she should have all her life in which to execute the power by will or otherwise, as she might deem expedient, or, as an equivalent for the phrase "after the decease of my wife," which he had used in the two preceding items, showing that the gift to his heirs, even if during her whole life his wife did nothing to dispose of the property, was not to take effect until after her death. In this connection it may be of some weight to note that the word "remainder" in the item we are dealing with is not used as a strict legal term to designate the technical "remainder" after the expiration of his wife's life estate, but such lands and goods as he had not himself disposed of by the second and third items of the will. As there is nothing to indicate that the testator was induced to give the power by the expectation that its execution would be necessary for his wife's support or maintenance, the many cases in which a power evidently given for that purpose is therefore held to exclude the power to dispose by will are not in point. Looking at all the circumstances, we feel that the ruling thought of the testator was one which requires the meaning which we find in his words, and which shows an intention to give her a full and absolute power of disposal.

It remains to inquire whether the words "make no disposition of the same during her lifetime" have acquired a settled meaning contrary to that in which we think they were used by the testator. No case has been called to our attention in which it has been held that a devise over in case the life tenant, with express power of disposition, made no disposition of the estate during her lifetime, carried the remainder if the life tenant disposed of the property by will. In *Perry* v. *Cross*, 132 Mass. 454, after a devise to his wife in fee the testator added, "It is also my will that if any of the above named property should remain undisposed of by my wife at her decease, the same shall descend and belong to my heirs at law'"; and it is said in the decision that "it is clearly to be implied from the language used that she could not devise by will that which was undisposed of at her decease." This could not have been intended to mean that holding land in fee she could not devise it. While it no

doubt is an authority to the point that if Mrs. Perry's power to dispose of the property had been derived only by implication from the last clause of her husband's will, the situation and language then under consideration are not similar to those with which we are now dealing, where there is an express power of disposal as the wife may deem expedient, and for this reason the present case is not governed by *Perry* v. *Cross.*

In *Kelley* v. *Meins*, 135 Mass. 231, where a testatrix devised all her property in fee to her son, and afterwards by a codicil provided that, if he should die without leaving issue, any portion of her estate which should remain should be equally divided among her sisters and nieces and their female heirs and assigns, it is held that the true construction of the codicil and the will taken together is, that the son shall have "during his life the absolute power of disposing of all the property given," and, in a later portion of the decision, that it was the intention of the testatrix that, if the son died "leaving issue living at his death, he might dispose of what remained by will, or that, leaving no will, it should descend to his heirs." This language implies that one who, without holding an absolute fee simple has an absolute power of disposing of property during his life, may dispose by will of what remains at his death. Certainly there is nothing in these cases which should make us hesitate to hold that the testator intended to give his wife the power of disposing by will of the property which he left for her to dispose of as she might deem expedient.

In the opinion of a majority of the court, the entry must be,

*Judgment for demandants reversed, and judgment to be entered for the tenant.*