## CHARLES G. WOODBRIDGE ET AL., *v.* DORA S. JONES ET AL.

Essex, December, 1902.

*Devise — Life Estate — With Power of Disposal in Fee.*

The petitioner in this case claims title by deed from Sarepta Twiss, the devisee named in the following clause of the will of William H. Twiss, " I devise and bequeath all the rest and residue of my estate, both personal and real, to my wife, Sarepta Twiss, during her life to use and dispose of the same as she thinks proper, with remainder thereof on her decease to," the respondents.

The question at issue is whether this is to be construed as a devise in fee with an invalid attempt to limit a remainder thereafter, or a devise for life with power of disposal in fee, or merely a devise for life with remainder in fee to the respondents.

An examination of the many cases cited by counsel shows that most of them may be readily divided among three classes.

First, those in which there is a clear devise either of an absolute fee or of an express power of disposal in fee. Kuhn *v.* Webster, 12 Gray 3. Hale *v.* Marsh, 100 Mass. 468. Kelly *v.* Meins, 135 Mass. 231. Welsh *v.* Woodbury, 144 Mass. 542. Hoxie *v.* Finney, 147 Mass. 616. Kent *v.* Morrison, 153 Mass. 137. Foster *v.* Smith, 156 Mass. 379. Baker *v.* Thompson, 162 Mass. 40. Collins *v.* Wickwire, 162 Mass. 143. Knight, *v.* Knight, 162 Mass. 460.

Second, those in which a power to convey has been implied from some such phrase used in the will as, " if any of my

said property shall remain " or, " all the estate, both real and personal that may remain." Harris v. Knapp, 21 Pick. 412. Lyon v. Marsh, 116 Mass. 232. Burbank v. Sweeney, 161 Mass. 490. Chase v. Ladd, 153 Mass. 126. Ernst v. Foster, 58 Kan. 438. Burleigh v. Clough, 52 N. H. 267. Re Thomson's Estate, L. R. 13 Ch. D. 144. Wiley v. Gregory, 135 Ind. 647.

Third, those in which the estate has been left for the " comfortable support " of the life tenant, or by some equivalent phrase, and a power to convey has been implied as necessary thereto. Smith v. Snow, 123 Mass. 323. Bamforth v. Bamforth, 123 Mass. 280. Johnson v. Battelle, 125 Mass. 453. Gibbins v. Shepard, 125 Mass. 541. Yetzer v. Brisse, 190 Pa. St. 346.

But few of these have any direct bearing on the case at bar.

The principal argument for the respondents is, that in a devise of both real and personal estate for life with remainder over, the life tenant cannot have the full beneficial use and enjoyment of the property intended by the testator without using up perishable articles, and that, therefore, the words, " to use and dispose of the same as she thinks proper," must be construed merely as enlarging her dominion over the estate to the extent of using up personal chattels, and perhaps also of immunity for waste. In Russell v. Werntz, 88 Maryland 210, this was the prevailing argument. But it is to be noted that the devise in that case was for life or during widowhood, with remainder, on re-marriage or death, to the testator's daughters. The same argument is somewhat elaborately used in Smith v. Bell, 6 Peters 68, but in that case the expression in the sale was " for her own use, benefit and disposal absolute." In Giles v. Little, 104 U. S. 291, the same argument was elaborately used, as also the argument from the fact that if the widow, who had money of her own, could defeat the remainder to the children, who were poor,

and then re-marry, she would defeat the whole purpose of the will. Giles *v.* Little was overruled, however, by Roberts *v.* Lewis, 153 U. S. 367. In Enbank *v.* Smiley, 130 Indiana 393, and Logue *v.* Bateman, 43 N. J. Eq. 434, the power of disposal was clearly limited to the personal estate only. Jones *v.* Jones, 66 Wis. 310, Patty *v.* Goolsby, 51 Ark. 61, and Whittemore *v.* Russell, 80 Maine 297, are cases, however, that are distinctly in point in favor of the respondents. In Bryant *v.* Virginia Coal Company, 93 U. S. 326, the expression used was, " to have and to hold during her life, and to do with as she sees proper before her death." The Court follows the general reasoning in Smith *v.* Bell and Giles *v.* Little, and further limits the power of disposal of the estate with which it is connected, namely, the life estate. But as pointed out by Chief Justice Peters in Whittemore *v.* Russell, *supra,* a power of disposal is necessarily incident to the estate and is in no way enlarged by such an expression. Indeed, a provision against alienation would be void; see Todd *v.* Sawyer, 147 Mass. 570. Bryant *v.* Virginia Coal Company, however, was not overruled by Roberts *v.* Lewis. In Roberts *v.* Lewis, the whole gist of the opinion turns upon the fact that the technical expression " remainder " was not used, and in the Nebraska case of Giles *v.* Little (25 Neb. 313), which is approved by the Court in Roberts *v.* Lewis, the phraseology of the will was " whatever may remain." In the case at bar the wording is " with remainder thereof."

The strongest case for the respondents, however, is Lewis *v.* Shattuck, 173 Mass. 486. Here the expression used was " for her own use and benefit during her own life, upon condition that she remains my widow, and that she is not to make a gift or donation out of said property to any of her heirs, or blood relations. I give, bequeath and devise to my lawful heirs all that remains of the property devised above to my wife, at her decease, or at her second marriage." The Court apparently construes the provision in regard to

gifts out of said property to the heirs or relations of the life tenant as being a limited power of disposition only, and that as to personal estate.   Otherwise the case would be in direct conflict with the long series of cases in which a power of sale has been implied from the use of such expressions as, " all that remains," none of which, except White v. Sawyer, were considered by the Court in its opinion, or even cited (as appears from an inspection of their briefs) by the parties.   In White v. Sawyer, 13 Met. 546, which was cited, there was no phrase indicating any power of disposition, except the bare expression after the gift of a pure life estate, " all that shall remain after the death of " the life tenant. In Butts v. Andrews, 136 Mass. 221, the question in issue was not as to the sufficiency of the power, but rather as to whether its terms had been so clearly complied with as to justify a decree for specific performance.   In Harris v. Knapp, 21 Pick. 412, although the case turned principally on the phrase, " whatever shall remain," the language of Chief Justice Shaw in regard to the words, " for her use and disposal," is instructive.   " The words for her use and disposal, applying as they do to the principal sum, would be wholly nugatory " if restricted to the interest.

Most of the cases cited for the petitioner are, as has been said, cases where a power of sale is either express, or was implied from phraseology very different from that used in the case at bar.   In Cummings v. Shaw, 108 Mass. 159, the phrase, " with right to dispose of," was held to carry the power to convey an absolute estate, but in that case there was no devise over.   In Foster v. Smith, 156 Mass. 379, the expression " for her to use " is said to be merely due to an over-anxiety to make it certain that the property should be wholly her own.   In Ernst v. Foster, 58 Kan. 438, while the language of the Court is strongly in favor of the petitioner's contention, the reversion was in " what is not disposed of," and furthermore, that case turns almost entirely on the cir-

cumstances of the testator's family, a power of disposition being necessary to the widow's getting any advantage out of the estate. Ford *v.* Ticknor, 169 Mass. 276, is very near the case at bar, although the phraseology there used is undoubtedly somewhat stronger in regard to the power of disposal than is the case here. Power of disposal by deed seems to have been assumed by both Court and counsel (see their briefs), and the only matter discussed is as to whether the power was broad enough to give the life tenant, if not a fee, at least a power of disposal by will.

On the whole, but little assistance can be derived from the many authorities which have been examined. They all depend largely upon particular phraseology of the wills under immediate consideration. Reading this will in the case at bar by itself, it seems to me that it was the intention of the testator to give his wife a life estate with a power to dispose of all the property, both real and personal, should she think proper, and with remainder of whatever may be left to the respondents.

Decree for petitioners.

W. H. Niles for petitioners.

W. B. Grant and G. C. Richards for respondents.

Note: This case went to the Supreme Court and is reported in 183 Mass. 549.