In the Matter of the Final Settlement of the Accounts of JOSEPH H. MAHAN, as Executor, etc.

The will of E. devised two lots of land to her executor, with power to sell in his discretion, in trust, to collect the income or the proceeds in case of sale, and to pay therefrom to her mother annually a sum specified during life, and sums necessary for the support and education of her son T. during his minority, the balance to be divided equally among her three other children. Upon the death of the mother of the testatrix and upon the arrival of age of J. she gave one of the lots, or the avails in case of sale, to J., "his heirs, executors, administrators or assigns." The residue of her property she gave to her three other children, "the survivor or survivors of them." Shortly after J. became of age, the mother of the testatrix died. At that time but one of the three children named in the residuary clause was living. Upon final settlement of the accounts of the executor, *held*, that the words of survivorship referred to the death of the testatrix, and the limitation of the residuary estate took effect as a valid remainder at that time, and that, therefore, the representatives of the two deceased children were entitled to their respective shares of the residuary estate.

(Submitted February 5, 1885; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made on the 16th day of January, 1884, which affirmed the decree of the surrogate of the county of New York, in

proceedings on final settlement of the accounts of Joseph H. Mahan, as executor of the will of Ellen McGovern, deceased. (Reported below, 32 Hun, 73.)

The material facts are stated in the opinion.

*William J. Kane* for appellant. No title to or estate in the real estate devised vested in any of the beneficiaries named in this will, at the death of the testatrix. They merely acquired equitable interests, which entitled them to have the trust executed so far as they were respectively interested. (1 R. S., § 60 [3d ed.], 679; *Amory* v. *Lord*, 9 N. Y. 403; *Knox* v. *Mason*, 47 id. 389; *Colton* v. *Fox*, 67 id. 348; *Newall* v. *Nichols*, 75 id. 78; *Magill* v. *McMillan*, 23 Hun, 193.) Upon the termination of the trust estate in the present case, the appellant became entitled, as the survivor of the three children named in the residuary clause of the will, to the whole of the residuum. (Fearne on Remainders, 553, note; *Colton* v. *Fox*, 67 N. Y. 348; *Magill* v. *McMillan*, 23 Hun, 193; *Smith* v. *Edwards*, id. 232; *Williams* v. *Seaman*, 3 Redf. 148.) The power given to the executor to sell and convey the said houses and lots, or either of them, contained in the will of the testatrix, was not a direction, but was simply a discretionary power vested in him, to be exercised according to his best judgment; and although he did sell these houses, the proceeds should still be regarded as realty, and distributed among the parties in interest, according to their respective rights, as if the real estate had not been sold. (*McCarty* v. *Denis*, 4 Lans. 440; *Allen* v. *De Witt*, 3 Comst. 276; *Harris* v. *Clark*, 7 N. Y. 242; *Dodge* v. *Pond*, 23 id. 69.)

*Winthrop Parker* for James R. Langdon, administrator, respondent. The interests given by the will to the three children by name vested at the time of the death of the testatrix, and the words of survivorship must be referred to that time. (*Moore* v. *Lyons*, 25 Wend. 139; *Weed* v. *Aldrich*, 2 Hun, 531; 5 T. & C. 105; *Livingston* v. *Green*, 52 N. Y. 118; *Kelly* v. *Kelly*, 61 id. 47; *Embury* v. *Sheldon*, 68 id.

227; *Stevenson* v. *Leslie*, 70 id. 512; *In re Mahan*, 32 Hun, 73.) The word "then" as used in the will, in the sentence, "I do then give, devise and bequeath to my children, John, Thomas and Mary, etc., etc.," does not relate to or have any bearing upon the vesting of the gift in the children, but simply refers to the time of enjoyment. (*Boraston's Case*, 3 Coke, 19; *Moore* v. *Lyons*, 25 Wend. 132; *Hoxie* v. *Hoxie*, 7 Paige's Ch. 192.) A distinction is recognized under the circumstances of this case between individuals severally, although also collectively named in a will, and mention of a class of persons. (*Lovett* v. *Buloid*, 3 Barb. Ch. 137.) The executor is accounting as executor, his trusteeship has expired by its own fulfillment, and this respondent is entitled to the residuary interest which vested in his intestate upon the death of the testatrix. (2 R. S. 729, § 61 [7th ed. 2182]; *Stephenson* v. *Leslie*, 70 N. Y. 512.) The gift of the legacies was immediate, possession only being postponed. (*Bedell* v. *Guyon*, 12 Hun, 396.) The Lyons children have been entitled to the fund since the death of the testatrix, subject to first liens to the extent of the trusts in favor of Bridget Goode and James McGovern. (*Lill* v. *Lill*, 23 Beav. 446.) To carry out the intention of the testatrix, the exercise of the discretionary power of sale as to the houses in Eleventh avenue, given the executor by the will, was so necessary as to become imperative. (*Dodge* v. *Pond*, 23 N. Y. 69; *Powers* v. *Cassidy*, 79 id. 614; *Lent* v. *Howard*, 89 id. 177; *Tillman* v. *Davis*, 95 id. 17; *In re Mahan*, 32 Hun, 73.)

*William F. Reilly*, guardian *ad litem* for John Lyons, respondent in person. Upon a sale of the house and lot in Eleventh avenue, the avails would descend as real estate, and go to the heirs at law of the testatrix, whose estate therein became vested at the time of her death. Thomas F., the survivor of the three children, cannot take the whole of it. (*Moore* v. *Lyons*, 25 Wend. 119; *Kelly* v. *Kelly*, 61 N. Y. 47; 2 Bradf. 201; 2 Denio, 336; 20 Johns. 483; 2 Cow. 338.)

DANFORTH, J.   The question presented on this appeal arose upon an executor's accounting and depends upon the true construction of the will of Ellen McGovern.   At the time of her death she owned the premises hereinafter mentioned, and left surviving her all the beneficiaries named in the will, viz. : Bridget Goode, her mother; James McGovern, a son, and John J., Mary, Ellen and Thomas F. Lyons, children by her first husband.   She appointed Joseph H. Mahan executor, and devised to him, as such, houses and lots Nos. 611 and 613 Eleventh avenue, in trust to collect the income and profits, or, *in his discretion, to sell and convey* the premises, *or either of them,* and receive the proceeds, and therefrom pay such sum as might be necessary, not to exceed forty dollars per month — to her mother, so long as she survived, and from the balance pay such sums as might be necessary for the education and maintenance of her son James and the balance of the income and profits (if any, during the minority of James), divide equally between John J. Lyons, Thomas Francis Lyons and Mary Ellen Lyons, and upon the death of her mother, before James attained the age of twenty-one years, to apply the net income and profits of the house and lot No. 613, provided the same should not then have been sold and conveyed by him, or in case of such sale, then to apply the net income and profits of the proceeds and avails *thereof* for the use of James, until he should attain the age of twenty-one years ; and upon the death of her mother, and upon her son James attaining the age of twenty-one years, the testatrix said : " I do give, devise and bequeath the said premises No. 613, if then unconveyed, or the avails thereof, if the same shall *then* have been conveyed, and all accumulations, if any, of the income and profits thereof, to my said son James, *his heirs, executors, administrators and assigns forever ;* and all the rest, residue and remainder of my property and estate I do *then* give, devise and bequeath to my children, John J. Lyons, Thomas Francis Lyons and Mary Ellen Lyons, the survivor or survivors of them, share and share alike."

The will was admitted to probate in 1871, and soon after the real estate above described was sold by the executor.   James

became of age in February, 1882, and ' Bridget Goode, the mother, died in November of that year. . Thomas F. Lyons was at that time the only survivor of the three children named in the residuary clause above quoted. It appeared from the account of the executor that there remained in his hands, of the proceeds of the sale of the two lots and houses, the sum of $12,-580. Concerning one-half of this no question arises. The contention relates to the other half (that being the residue of the estate), which the surrogate directed to be divided and paid as follows: "To Thomas F. Lyons, one-third; to Margaret Lyons, as administratrix etc., of John J. Lyons, one-third; to James R. Langdon, as administrator of Mary E. Langdon, (formerly Lyons) one-third." Thomas claimed the whole of this residue, and appealed from so much of the decree as gave two-thirds of it to the representatives of his brother, John J., and his sister, Mary, and failing in his appeal to the General Term, comes to this court upon the ground that · he, within the meaning of the testatrix, is the sole survivor of the three beneficiaries named by her.

We think the provisions of the will bring the case within the principle, well settled in this State, that if there be a direct gift to legatees, a direction for payment at the happening of a certain event shall not prevent its vesting, and, therefore, the personal representative of a legatee dying before the event happened shall be entitled to receive it at the time the legacy was directed to be paid to him, had he lived. (*Moore* v. *Lyons*, 25 Wend. 144; *Everitt* v. *Everitt*, 29 N. Y. 39; *Stevenson* v. *Lesley*, 70 id. 512; *Warner* v. *Durant*, 76 id. 133; *Robert* v. *Corning*, 89 id. 225.) The intention of the testatrix, as gathered from these provisions, was to provide not only for the support of her mother during life, and the maintenance of her son James during his minority, but also for her other children. The limitation of the residue of her estate to them after her mother's death must be deemed, therefore, to have taken effect as a valid remainder on the death of the testatrix, and the words of survivorship held to refer to that event. All the children named survived her. At her death, therefore, they took an inter-

est *in præsenti* in the rents and profits, or income of the real estate or its proceeds, and as to the body or residue, the *solvendum in futuro* was annexed to its disposition or enjoyment, and not to the bequest. No other question is presented on this appeal, and as the distribution ordered by the surrogate was in conformity to these views, the judgment of the General Term approving it should be affirmed, with costs of this appeal to the respondent to be paid out of the estate, but without costs to any other party.

All concur.

Judgment affirmed.