New York County.—Hon. D. G. ROLLINS, Surrogate.—January, 1887.

MATTER OF MARSHALL.

*In the matter of the estate of* George Marshall, *deceased.*

The residuary estate of decedent was given by his will to the executors, in trust to pay, out of the income, an annuity to his widow during her life or widowhood, and, during the same period, to distribute the excess of income, beyond the annuity, as follows: one third to his sister A., or, if she should die before the death or remarriage of the widow, to her children; one third to his sister B., with a like contingent substitution; and the remaining third " to the children of my (his) sister C., equally." One of the children of C. having died, her husband, as administrator of her estate, applied for a decree directing payment to him of his intestate's share of surplus income, which had accumulated during her lifetime and that of the widow, who was still living and unmarried. A referee, to whom the matter was referred, having found in favor of the application,—

*Held,* that, unless clearly expressed or implied in the will, an intention should not be attributed to testator, that the share of the deceased child of C. should pass to her legal representative rather than to the

survivors; but that the question should not be finally determined until all the children of C. had been made parties.

Lyons v. Mahan, 1 *Dem.*, 180; Rauchfuss v. Rauchfuss, 2 *id.*, 271—distinguished.

CONTROVERSY as to construction of will, upon judicial settlement of account of testamentary trustee.

GEO. C. COFFIN, *for J. C. Ross.*

WILLIAM H. BLAIN, *for Margaret D. Brewster.*

ELBERT L. BURNHAM, JR., *for trustee.*

THE SURROGATE.—The residuary estate of this testator was given by his will to his executors in trust to pay to his widow out of the rents, income and profits thereof the sum of $300 annually during her life or widowhood, and during the same period to distribute the rents, income and profits in excess of that sum as follows : one third part to his (the testator's sister Mary, or in case she should die prior to the death or remarriage of his widow, then to her children ; another third part to his sister Eliza, with a similar substitution of her children for herself in a contingency analogous to that just specified, the remaining one third part " to the children of my deceased sister Ann Davis, equally."

On September 26th, 1883, a decree was entered in this court whereby the account of the acting trustee of this estate was settled and determined, and whereby it was adjudged and decreed that he had theretofore received from his predecessor in office, and then held in his hands, the sum of $2,465.71, belonging to the children of Ann Davis, aforesaid, and that there were also due to said children certain other sums by

way of interest upon the said $2,465.71, and as parcel of the surplus income of this estate since it had come into the possession of the accounting trustee.

The decree aforesaid directed the payment to Margaret D. Brewster, one of the daughters of the said Ann Davis, deceased, of one third of the said sum of $2,465.71 and interest, and the retention by said trustee of the remaining two thirds thereof until the further order of the Surrogate. On June 20th, 1885, John Caspar Ross filed a petition in this court, wherein he alleged among other things, that Annie M. Davis, another of the children of said Ann Davis, deceased, had become his wife in the year 1862, and had died intestate in March, 1883, and that in June, 1885, he, the said petitioner, had obtained letters of administration upon her estate from the Surrogate of this county. He asked that, in view of the foregoing premises, the trustee of this estate be directed to pay him one third part of the said sum of $2,465.71, with interest, etc., being the same amount theretofore ordered to be paid Margaret D. Brewster, and being parcel of the surplus income as aforesaid that had accrued during the lifetime and widowhood of the wife of the decedent, who is still living and has never remarried.

This application and the answer thereto were submitted to a referee whose report in favor of the petitioner I am now asked to confirm. Certain of the findings of the referee involve the determination that, by the terms of his will, the testator contemplated that, in the event of the death of any child of his deceased sister Ann during the continuance of the trust

for the benefit of his widow, the share of the income
that such child would have taken if he or she had con-
tinued to live, should pass, not to the surviving chil-
dren of Ann, but to such person, perhaps a stranger
to the testator's blood, as might be the legal repre-
sentative of the estate of the child so dying.

I doubt whether such an intention should be attrib-
uted to the testator, unless it is very clearly expressed
in his will, or unless some rule of law or principle of
construction applicable to the situation forbids any
other interpretation of that instrument.

His executors are directed upon the death or re-
marriage of his widow, to convert the entire estate
(which seems to consist of real property exclusively)
into money, and, after the defrayment of certain
expenses thereout, to divide the proceeds into three
equal parts, and to make distribution as follows : " one
third part to the children and descendants *then* sur-
viving of my sister Mary, another third part to the
children and descendants *then surviving of my* sister
Eliza, and the other third part to the children and
descendants *then* surviving of my deceased sister
Annie."

From this disposition of the remainder it may be
claimed, not unreasonably, that no children of Ann,
save those who shall be living at the time the estate
is directed to be converted, will be entitled to share
in the proceeds of the conversion, and that that prop-
osition is sound, irrespective of the question whether
the children of Ann are given merely a contingent
interest in such proceeds, or whether each of them is
given a vested interest therein, defeasible by reason

of his or her death before the death or remarriage of the testator's widow.   And in view of this disposition of the remainder, it is certainly questionable whether the children of Ann who have survived their deceased sister may not be entitled to such share of the surplus income which has accrued since her death, as she herself could claim were she alive to take it.

The cases cited in behalf of the petitioner, upholding the claim of the representative or heir of a deceased *cestui que trust* of income bequeathed by a will, to income that had accrued subsequently to the death of his decedent, were cases where such decedent was declared to have had an *indefeasible* vested interest in the principal or *corpus* of the trust estate (see Lyons v. Mahan, 1 *Dem.*, 180 ; affi'd, 98 *N. Y.*, 372 ; Rauchfuss v. Rauchfuss, 2 *Dem.*, 271).   And such, too, was the situation in Thompson v. Conway (23 *Hun*, 621), and in Embury v. Sheldon (68 *N. Y.*, 227).

In opposition to the claim that all the children of the testator's sister Ann, who were living at his death, took a vested interest in the surplus income that should accrue before the termination of the trust estate, it may be urged with some force that such surplus income is given to the three children of Ann as a class or as joint tenants, so that the share of any one of them who might die during the subsistence of the trust would go at once to the survivors.

I shall not now declare what in my view is the true construction of the provision here in controversy.   I have made the above suggestions merely to indicate that the claim of this petitioner is of doubtful validity,

and that there should be no adjudication in his favor until all persons whose rights might be thereby prejudiced shall have been afforded opportunity to be heard (Beekman v. Vanderveer, 3 *Dem.*, 221).

One of the children of Ann Davis has voluntarily appeared in this proceeding by her attorney and makes no opposition to the petitioner's application. The other, a son, is not before the court. He should be cited to attend the proceeding, and when he shall have appeared, or, after due service of citation, shall have failed to appear, his rights and the rights of all other persons interested herein will be adjudicated.