ELLA M. HAYNES, Respondent, *v.* CATHARINE M. SHERMAN, Individually and as Sole Executrix of and Trustee under the Last Will and Testament of ELIJAH T. SHERMAN, Deceased, and Others, Appellants.

*Trust for a wife and family with a devise over — a fee not given to the wife — illegal provision as to the duration of the trust — when the trust will be sustained so far as it is legal — estate, vested on the death of the testator.*

Elijah T. Sherman, who died in 1886, leaving a widow and six children, left a last will by which he made his widow his sole executrix, with power to sell all his real estate, and gave to her all his remaining property, after the payment of his just debts, "in trust, nevertheless, to have and to hold the same, and use so much of the income and principal as she may deem necessary for her support, and the support of our children, until our youngest child now living shall arrive at the age of twenty-one years, *or would arrive at that age if living;* and at that time I order and direct my said estate to be divided among my legal heirs then living in such manner and proportions as they, and each of them, would be entitled under the laws of the State of New York if I had died intestate."

*Held,* that as the trust was for the wife and the family, with a devise over after the trust ceased, that the testator did not intend to give the entire fee to his wife.

*Wager* v. *Wager* (96 N. Y., 164) followed; *Campbell* v. *Beamont* (91 N. Y., 464) distinguished.

That the primary disposition was designed to protect the widow and children through the minority of the youngest child, and that the direction contained therein, providing that in case of her death, before attaining the age of twenty-one, the trust should be continued up to the day at which the child would have reached its majority if it had lived, was not so interwoven with the valid trust as that it must fall with the illegal limitations incident to it.

That the gift to the children was absolute, and that only the time when they were to take possession was postponed, and that each child had a vested remainder in fee, subject to be divested by death under age and subject to the trust, to continue during the minority named in the will, which would terminate when the youngest child died, if he should die under age.

Appeal from so much of the judgment of the court rendered upon the trial of this action at a Special Term, held in the city of Brooklyn on the 5th day of May, 1888, by the court, without a jury, which was entered in the office of the clerk of Kings county on May 8, 1888, as adjudged and decreed that the attempted disposition of the defendant's, Catharine M. Sherman, testator's property, by his will, was void because it required a suspension of the power

of alienation of the said property for a definite term of years, and that the testator Elijah T. Sherman died intestate as to the said real property.

*S. P. & J. McL. Nash*, for the appellants.

*Abel E. Blackman*, for the respondent.

BARNARD, P. J.:

Elijah T. Sherman died in 1886, leaving a widow and six children. The youngest child would become of age in 1893. The testator left a will by which he made his widow sole executrix, with power of sale of all his estate.

He disposed of all his property in the following clause: "First. After paying my just debts, I give and devise and bequeath all'my estate, real and personal, and mixed, and wherever situated, to my wife Catherine M. Sherman, in trust, nevertheless, to have and to hold the same, and use so much of the income and principal as she may deem necessary for her support and the support of our children until our youngest child, now living, shall arrive at the age of twenty-one years, or would arrive at that age if living; and at that time I order and direct my said estate to be divided among my legal heirs, then living, in such manner and proportion as they and each of them would be entitled under the laws of the State of New York." Under this clause the widow did not take a fee. The case is entirely different from *Campbell* v. *Beaumont* (91 N. Y., 464). In that case the property was all left to be used by the wife "for her sole use and benefit," and the remains thereof the testator expressed a wish and desire should be received and enjoyed by her son. Here the trust is for the wife and family, with a devise over after the trust ceases, thus clearly showing an intent not to give the entire fee to the wife. (*Wager* v. *Wager*, 96 N. Y., 164.) Does the clause in question create an illegal suspension of the power of alienation? The question is presented by the use of the words "or would arrive at that age if living," after fixing a limit to the time when the youngest child became of age. A trust limited solely by time is unauthorized and void, but the rule is equally well settled that an invalid limitation will not be allowed to invalidate the primary disposition of the will. An invalid limitation will be cut off from

a trust which is not an entirety. The trust, during minority, is valid, and it may never happen that the child will die under age. The primary disposition is designed to protect the widow and children during the minority of this child. That the testator, in case of death, provided that the trust continued up to a date at which the child would reach his majority if he had lived is not so interwoven with the valid trust as that it must fall with the illegal limitations incident to the trust. (*Tiers* v. *Tiers*, 98 N. Y., 568.) There is nothing in this will, except infancy, which restrains alienation by the children. The gift to them is absolute, and the time when they are to take possession is only postponed ; each child has a vested remainder in fee, subject to be divested by death under age, and subject to the trust during the minority of the child named in the will. This trust will terminate when the child dies, if he should die under age. A limitation during minority is legal and valid. (*Beardsley* v. *Hitchcock*, 96 N. Y., 201.)

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, cost to abide event.