JOHN MITCHELL, AS EXECUTOR OF THE LAST WILL AND
TESTAMENT OF CATHERINE E. CONKLING, DECEASED,
RESPONDENT, *v.* DAVID H. KNAPP, PERSONALLY AND AS
EXECUTOR OF THE LAST WILL AND TESTAMENT OF JASPER R.
GRIFFING, DECEASED, APPELLANT, IMPLEADED WITH OTHERS.

*Will — when an estate in remainder, created by a bequest, vests.*

The will of Mary E. Griffing provided, among other things, as follows: "After all
of my just debts and funeral expenses are paid I give, devise and bequeath to
my executrix, hereinafter named, all my estate, both real and personal, and
all rights and equities which I may have or be entitled to at the time of my
decease, in trust for the joint support and maintenance of my mother, Eliza S.
Lull, and my sister, Catherine E. Conkling, during the natural life of my said
mother, and upon her decease I give, devise and bequeath all the residue and
remainder thereof to my said sister, Catherine E. Conkling, whom I hereby
nominate and appoint executrix of this my last will and testament, hereby
revoking all former wills by me made."

In an action, brought to obtain a construction of the will, it was claimed that the
will did not create a vested remainder in favor of Catherine E. Conkling, and
that the residuary clause created a mere contingent remainder, dependent upon
the condition that there should remain, at the death of Eliza S. Lull, some
portion of the estate, and that Catherine E. Conkling should then be living.

*Held,* that as the bequest in the present case was a residuary bequest it devolved
upon the legatee; if the legatee died before the surplus was ascertained upon her
personal representatives.

That a very clear intention must be shown in order to defeat the vesting of a
bequest, and that no such intention appeared here.

That the gift was absolute, and the time of full enjoyment, only, was postponed by
an event certain to happen, the death of Mrs. Lull, and that that uncertainty
did not prevent the vesting of the estate

APPEAL by the defendant, David H. Knapp, individually and as
executor, from a judgment recovered upon a trial at a Special Term,
held in Chenango county, which was entered in the office of the
county clerk of Chenango county, on the 17th day of January, 1889,
in favor of the plaintiff.

The action was brought for the construction of the will of
Mary E. Griffing and for an adjudication as to the ownership of the
property belonging to her estate and remaining unexpended at
the death of Eliza S. Lull, named in the will. The will bears date
March 12, 1880, was executed in proper form and the material part

is as follows : "After all my just debts and funeral expenses are paid I give, devise and bequeath to my executrix hereinafter named all my estate, both real and personal, and all rights and equities which I may have or be entitled to at the time of my decease, in trust, for the joint support and maintenance of my mother, Eliza S. Lull, and my sister Catherine E. Conkling, during the natural life of my said mother, and upon her decease I give, devise and bequeath all the residue and remainder thereof to my said sister Catherine E. Conkling, whom I hereby nominate and appoint executrix of this my last will and testament, hereby revoking all former wills by me made."

The testatrix died from accident on the 13th of March, 1880, leaving as her sole heir and next of kin her son Jasper R. Griffing. Catherine E. Conkling was her only sister and the mother was an invalid. The testatrix had a nephew and niece, the defendants Newton Lull and Eliza W. Lull, the children of a deceased brother. The will was duly admitted to probate on March 23, 1880, and letters testamentary were issued to the executrix, Catharine E. Conkling. She took possession of the estate, which consisted only of personal property, paid the funeral expenses of the testatrix and took care of her mother until April 5, 1884, when she (Catherine) died, leaving a will, which was afterwards duly proved and letters testamentary thereon were issued to the plaintiff, John Mitchell, the executor therein named. The plaintiff took possession of what property was left and continued to care for and support the mother until her death March 28, 1885. Jasper R. Griffing died September 10, 1881, leaving a will by which he gave all his property to the defendant, David H. Knapp. This will was duly proved and letters testamentary issued to Knapp, the executor therein named. The defendants Newton and Eliza W. Lull, after the death of Eliza S. Lull, claimed to be the owners of so much of the property left by Mary E. Griffing as was not expended in the payment of her debts and funeral expenses and in the support and care of Eliza S. Lull and Catherine E. Conkling after the death of Mrs. Griffing, upon the ground that Catherine E. Conkling having died during the lifetime of Mrs. Lull and before the determination of the trust, the remainder over did not take effect, but the balance of the property passed to the then heirs and next of kin of Mary E. Griffing, who were said Newton and Eliza W. Lull. The

defendant Knapp, as executor and legatee under the will of Jasper R. Griffing, also claimed the balance of the property upon the ground that under the will of Mrs. Griffing the remainder did not vest in Catherine E. Conkling prior to the termination of the trust estate, but immediately on the death of Mrs. Griffing vested in Jasper R. Griffing as her heir-at-law and next of kin, subject to the trust and subject only to be divested by the death of Eliza S. Lull previous to Catherine E. Conkling, and that as this did not occur, the title of Jasper and his executor became absolute on the death of Mrs. Lull.

It was held at the Special Term that, upon the death of Mary E. Griffing the title to the whole estate vested in Catherine E. Conkling as the residuary legatee or devisee, subject only to the trust for the support of the mother ; that the devise or legacy did not lapse upon the death of Catherine E. Conkling, but passed to her executor, subject to the same trust, and that neither the defendants Newton Lull and Eliza W. Lull, or David H. Knapp, have any interest in the property. The defendant Knapp, individually and as executor, appeals.

*Louis Marshall*, for the appellant.

*H. D. Newton*, for the respondent.

MERWIN, J. :

The claim of the appellant is that the will in question did not create a vested remainder in favor of Catherine E. Conkling, but that the residuary clause created a mere contingent remainder, dependent upon the condition that there should remain at the death of Eliza S. Lull some portion of the estate, and that Catherine E. should then be living.

It is not claimed that the expression " upon her decease " prevents the vesting, but the argument is based mainly on the idea that, in the administration of the trust provided for in the will, the whole estate may be exhausted, and that, therefore, there is such a contingency as to the existence of any remainder that the vesting would be postponed until the determination of the trust. The cases cited on the part of the appellant do not, I think, sustain the proposition as applicable to the case in hand. It is not a case where there is no gift, except by a direction to executors or trustees to pay, or divide and pay, at a future time within the rule laid down in *Warner* v.

*Durant* (76 N. Y., 136). For here the subject of the gift is the whole estate, and during the trust it is held for the benefit of the legatee and her mother. In *Vincent* v. *Newhouse* (83 N. Y., 505) the testator gave to his wife certain lands for life, and directed that at her death the lands should be sold by the executor and the proceeds be divided between certain parties, and provided that if either of the parties named " shall die after the date of this will and before the said sums are paid them, the share of the one so dying without issue shall be equally divided among the other heirs above named." It was held that no portion of the remainder vested at the death of the testator, but only at the death of the widow, the rule being applied that words of survivorship in bequests of personal estate are to be referred to the period of distribution and enjoyment, unless there is a special intent to the contrary. The apparent purpose of the testator was in this way attained. In *Delaney* v. *McCormack* (88 N. Y., 174) the testator gave all his real estate to his son for life, and in fee, in case he married and had issue. If he died without having had lawful issue, the will directed the executor to sell the real estate and distribute the proceeds among the testator's next of kin as personal estate, according to the laws of the State of New York for the distribution of intestate personal estate. It was held that the next of kin who could take were those who were such at the time of distribution.

In *Shipman* v. *Rollins* (98 N. Y., 311) there was a manifest intent to postpone the vesting, and so it was in *Delafield* v. *Shipman* (103 N. Y., 463). In *Bamforth* v. *Bamforth* (123 Mass., 280) a devise over to two parties was held to be made contingent by the use of the expression " should either of them be living."

In that case the life tenants had the right to use so much of the estate itself as was necessary for their comfortable support during life, and the devise over was of the estate then remaining. This uncertainty in the amount of the estate was not given as a reason for not vesting. The cases of *Johnson* v. *Battelle* (125 Mass., 453) and *Gibbins* v. *Shepard* (Id., 541), relate to the power of the life tenant to convey. In *Taft* v. *Taft* (130 Mass., 461) the life tenant had power to sell or to dispose of by will, and if at her decease there was any of the testator's estate not disposed of by her will, it was to go over. This remainder was held to be contingent.

The cases of *Matter of Accounts of Mahan* (98 N. Y., 372), and *Avery* v. *Everett* (110 N. Y., 317), are cited on behalf of respondent. In the Mahan case the testatrix devised to her executor certain premises in trust to collect the income and profits, or in his discretion to sell and convey and receive the proceeds, and therefrom to pay a certain sum monthly to her mother during her life, and provide for the education and maintenance of a son during minority, and the balance of income, if any, during such minority, divide equally among her other three children, and at the death of the mother and arrival at age of the son, she gave certain of the premises to the son, and all the residue of the property she then gave to the other three children, the survivor or survivors of them. It was held that the words of survivorship referred to the death of the testatrix, and that the three children took vested remainders. In the Avery case the testator gave to his wife all his real estate as long as she remained unmarried and his widow, but on her decease or marriage he then gave " what may remain " to his son, and in case the son died without children, remainder over. It was held that the son took a vested remainder in fee, subject to be defeated by his death without children. In *Haynes* v. *Sherman* (51 Hun, 585) the circumstance that the principal might be reduced in the support of the first taker did not seem to affect the vesting of the remainder, nor did it in the case of *Dole* v. *Keyes* (143 Mass., 237).

The bequest in the present case is residuary. In such a case, although the residuary legatee dies before the surplus is ascertained, it devolves on his personal representative. (2 Williams' Executors [6th Am. ed.], 1563.) A very clear intention must be indicated in order to postpone the vesting. (1 Jarman on Wills [5th Am. ed.], 850 ; 2 Redf. on Wills [3d ed.], 235.) No such intent appears here. The presumption is that any one who sits down deliberately to make his will does not intend to leave any portion of his property in such a condition as not to pass under the will. Says Chancellor KENT (4 Comm., 206): " It is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which marks the difference between a vested and contingent interest." A devise *after* the payment of debts " confers an immediate vested interest, the words of apparent postponement being considered only as creating a charge." (1 Jarman on Wills, 820.) Here there is no

uncertainty as to the right of Catherine E. Conkling. The gift is absolute. The time only of full enjoyment is postponed by an event certain to happen — the death of Mrs. Lull. The uncertainty as to the amount does not prevent the vesting of the right. The amount being ascertained it will be deemed to have existed from the time of the death of the testatrix and to have then vested. The intervening trust will not prevent this result. (*Embury* v. *Sheldon*, 68 N. Y., 234.) If the statutory test as to real estate was applied (4 R. S. [8th ed.], 2432, § 13) there would be a vested estate in Catherine. We think it was correctly held that the residuary bequest vested in Catherine E. Conkling, and upon her death passed to her representatives. There is no ruling upon the admission of evidence that requires any special consideration.

It follows that the judgment should be affirmed, with costs.

HARDIN, P. J., concurred ; MARTIN, J., not sitting.

Judgment affirmed, with costs.