Pierson E. Hildreth, S.
This is ail application for the construction of paragraph ‘1 second ’ ’ of testator’s will which provides as follows:
*1081 “second: All the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature, and wheresoever the same may he situate, of which I shall die seized or possessed, or to which I may in any Aviso be entitled at the time of my decease, I give, devise and bequeath unto my beloved wife, minnie mamlock, for her use and benefit during her lifetime.
“ Upon the death of my wife, minnie mamlock, I give, devise and bequeath all the remainder of my said estate to my children or the survivors of them share and share alike, To Have and To Hold the same unto them, their heirs, legal representatives, and assigns absolutely and forever.”
The effect of the will is to give a life estate to the wife with remainder to the testator’s children. When the testator died in 1947, he was survived by his wife and four children. The life estate has now terminated by the death of the wife. Three of the children survived the testator and survived the wife. One of the children survived the testator but predeceased the wife. The question now presented is whether the representatives of such deceased child have any interest in the remainder under paragraph “ second ” of the will.
Whether the testator intended to give the remainder of his estate to his children Avho Avore living at the time of his death, or whether he intended to limit the gift of the remainder only to such of his children as might be living at the death of the Avife, depends upon his intention. Vesting is favored, and the remainder should not be determined to be contingent upon survivorship of the Avife unless such intent is clearly indicated. (Matter of Krooss, 302 N. Y. 424; Connelly v. O’Brien, 166 N. Y. 406.) Here the gift to testator’s children is made in words of present gift, the enjoyment of the remainder being suspended for purposes of letting in the intermediate estate of the Avife. In such situation the gift to testator’s children is to be regarded as a gift to the children as a class Avith the membership of the class determined at testator’s death and not at the termination of the preceding estate. (Matter of Krooss, supra; Matter of Watson, 201 Misc. 193, affd. 279 App. Div. 840; Matter of Willets, 8 Misc 2d 866; Matter of Mahan, 98 N. Y. 372.) As shown by the cases cited, the use of the Avord “ upon ” or similar adverb, relates to the time of the enjoyment of the gift and possession thereof and does not indicate that the remainder is to be contingent. Also, the Avords following the words of survivorship “ to my children or the survivors of them,” in the absence of clear indication to the contrary, must *1082 be determined to refer to death, before testator and not to death before the life tenant. (Matter of Watson, supra; Matter of Woodruff, 135 Misc. 203; Connelly v. O’Brien, supra; Matter of Mahan, 98 N. Y. 372, supra.)
If the testator intended that his children must survive the wife in order to become vested with an interest in the remainder as distinguished from the right of possession or enjoyment he could have clearly indicated such intent. He did not do so and in the opinion of the court, under established rules of construction, the remainder vested in those children who were living at his death, and the interest of his child who did not survive the life tenant now passes to such child’s estate.
Accordingly, the court holds that said paragraph ‘ ‘ second ’ ’ shall be construed as creating a vested remainder in the class consisting of testator’s four children, the members of which class were determined at testator’s death. The court further holds that the interests of the respective members of the class were not subject to loss by failure to survive the life tenant and that the interest of the child who survived the testator but predeceased the life tenant passed to such child’s estate.
Petitioner also seeks herein to establish a claim for $459, arising from expenditures made in connection with improvements to the real property which comprises part of the residuary estate of which the widow was the life tenant. Whether such claim is valid, and whether the expenditure should be charged to the life tenant, or charged to the remainder, or in what proportion, cannot properly be determined in this construction proceeding. Such relief is therefore denied herein without prejudice.