WM. H. FOGLER, Admr. de bonis non, in Equity,

*vs.*

BENJAMIN TITCOMB and others.

Knox.    Opinion November 29, 1898.

*Will.   Life Estate.   Power of Disposal.*

Where by the terms of his will a testator provides that his wife should have the use and control, during her lifetime, of all the testator's property not specifically bequeathed by him, and the power to dispose of the residue by will as freely as if it were a part of her own estate, and she fails to exercise the privilege thus given her, such residue will continue to remain a part of his estate and descend to his heirs as intestate property.

*Held;* that the personal property now in the hands of the plaintiff as administrator, and in respect to which the power of disposal by will was not exercised by Mary C. Titcomb, after deducting such expenses as have necessarily been incurred by him in the prosecution of this suit, and such reasonable counsel fees therein as may be allowed to him by the judge of probate, should be distributed among the heirs of the testator, who are entitled to costs against the heirs of his wife.

ON REPORT.

Bill in equity, heard on bill, answers and proofs, to determine who is entitled to the residuum of the estate of William H. Titcomb, deceased, now in the hands and possession of the plaintiff, as administrator de bonis non with the will annexed.

The case is stated in the opinion.

*J. E. Moore*, for Benj. Titcomb and others.

*C. E. and A. S. Littlefield*, for Silas W. McLoon and others.

Where there is a conflict in the provisions of the will, the last expression controls.   *Orr* v. *Moses*, 52 Maine, 287; *Dunlap* v. *Dunlap*, 74 Maine, 402; *Woodbury* v. *Woodbury*, Ib. 413; *Grant* v. *Insurance Co.*, 75 Maine, 201.

The courts will uphold the will and give it such a construction as will result in a complete disposition of all of the estate, and not such as would result in partial intestacy.   *Davis* v. *Callahan*, 78 Maine, 318; *Nash* v. *Simpson*, Ib. 147.

The apparently obvious intention of the testator should certainly be allowed to take effect and the residuum held to pass absolutely to Mrs. Titcomb. This result must clearly follow from the language of the will unless the clause "to be disposed of under her will as a part of her estate" restricts the previous absolute language and imposes a condition upon the bequest of the residuum. If that language did not appear in that will we submit that no question could be raised but that the gift was absolute and complete and vested a perfect title in Mrs. Titcomb at her decease. In *Copeland* v. *Barron*, 72 Maine, 208, our court held that "it is a well-settled general rule, that, if a gift be absolute and entire in its terms, any limitation over afterwards is repugnant and void." In *Buck* v. *Paine*, 75 Maine, 589, the court held, "a limitation over is void where there is a clear intention of the testator that the first taker shall have an absolute estate. Absolute property gives absolute dominion. You cannot first give an absolute property, and then provide what such absolute owner shall do with it."

This proposition would seem to clearly cover the case at bar, as the property in the remainder is given absolutely to Mrs. Titcomb, and then follows a provision "to be disposed of as a part of her estate." See *Spooner* v. *Lovejoy*, 108 Mass. 529. p. 532; *Mitchell* v. *Morse*, 77 Maine, 423; *Sears* v. *Cunningham*, 122 Mass. 538; *Wells* v. *Doane*, 3 Gray, 201; *Davis* v. *Mailey*, 134 Mass. 588; *Veeder* v. *Meader*, 157 Mass. 413; *In the matter of Moehring*, 154 N. Y. 427, and cases.

SITTING: EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, SAVAGE, JJ.

WHITEHOUSE, J.   The plaintiff in his capacity as administrator, with the will annexed, of the estate of William H. Titcomb, brings this bill in equity asking that the heirs of William H. Titcomb on the one side and the heirs of Mary C. Titcomb, his deceased wife, on the other side, be required to interplead respecting the distribution of the residue of the estate of William H. Titcomb now in the hands of the plaintiff. He seeks thereby to obtain a judicial construction of the will of William H. Titcomb, and inci-

dentally, also, of the will of Mary C. Titcomb; for it appears that the two instruments were executed as a part of the same transaction and involve the element of mutuality, the sixteenth and seventeenth paragraphs of the latter being identical, excepting the special bequests, with paragraphs three and four of the former which are here directly brought in question.

In the first and second items of the will of William H. Titcomb the testator disposes of his life insurance. The third and fourth paragraphs are as follows:

"Third : I give, devise and bequeath the use, income and control of all the residue of my estate, real and personal, to my wife, Mary C. Titcomb, for and during the term of her natural life."

"Fourth: I give, devise and bequeath the residue of my estate which may remain at the decease of my wife, as follows, to wit: One thousand dollars to my brother-in-law Matthew A. Mayhew of Boston, Mass.; one thousand dollars to my niece, Mary F. Greenlief; one thousand dollars to my nephew William T. Blunt; five hundred dollars to Rev. W. M. Kimmel and his wife; one hundred dollars to Jennie F. Clark of Rockland; two hundred dollars to my grand-nephew, Herman Kent; two hundred dollars to the City of Rockland to hold in trust, the income thereof to be forever expended in the care and preservation of my family burial lot in the Jameson Point Cemetery, so-called, in said Rockland, and of the grave-stones and monuments therein; and the remainder of my estate remaining at the decease of my wife I give, devise and bequeath to my wife, said Mary C. Titcomb, to be disposed of under her will as part of her estate. And I hereby authorize my wife to pay, in her lifetime, by way of advancement any or all of the legacies provided in this fourth clause of this will."

After the decease of her husband, Mary C. Titcomb made a codicil to her will of which the following is the first clause :

"First: I give, devise and bequeath my homestead now occupied by me, formerly the property of my deceased husband, William H. Titcomb, situated in said Rockland on the northerly side of Beech Street, and all my furniture, household goods and effects, household ornaments of which I shall be possessed at

the time of decease, to my cousins, Lucy Lancaster and Lydia Williams both of said Rockland upon the condition that they pay to Benjamin Titcomb, my late husband's brother, the sum of two thousand dollars and to Sophia Titcomb, my late husband's sister, the sum of two thousand dollars, which said sums when so paid, shall be in full for the legacies provided for said Benjamin and Sophia in the next succeeding clause of this codicil."

With respect to the third paragraph in the will of William H. Titcomb, it may be said to be a well settled and familiar rule of law in this state that in case of either real or personal property a gift of the income for life is a gift of the property for life. *Sampson* v. *Randall*, 72 Maine, 109; *Paine* v. *Forsaith*, 86 Maine, 357; *Fuller* v. *Fuller*, 84 Maine, 475; *Wilson* v. *Curtis*, 90 Maine, 463. Indeed, it is not in controversy between the parties to this proceeding that the effect of the plain and unambiguous language of the third paragraph in this will is to give to Mary C. Titcomb a life estate in "all the residue" of William H. Titcomb's property, real and personal, after the bequests of his life insurance made in the first and second items of the will. But it is earnestly contended in behalf of the heirs of Mary C. Titcomb that by the fourth paragraph of the will she acquired an absolute title to "all the residue" of the remainder after the payment of the special bequests therein made.

On the other hand it is confidently argued in behalf of the heirs of William H. Titcomb, that the clause in paragraph four following the special bequests above mentioned, and directly in question here, viz: "and the remainder of my estate remaining at the decease of my wife I give, devise and bequeath to my wife, Mary C. Titcomb, to be disposed of under her will as a part of her estate," ought to be rejected as void for uncertainty; but that if it is to be upheld as valid it can in no event have the effect to vest in Mary C. Titcomb an absolute title to such residue, but only to give her the power to make a disposition of it by will; and the devise in the codicil to her will of "the homestead now occupied by me, formerly the property of my deceased husband," is conceded to be a valid and reasonable exercise of the power of disposal by will thus vested in her.

In the construction and interpretation of wills the decided cases afford many suggestive and helpful analogies, but few reliable precedents. As said by the court in *Bosley* v. *Bosley*, 14 How. 390 : "No two wills, probably, were ever written in precisely the same language throughout; nor do any two testators die under the same circumstances in relation to their estate, family and friends. And it would be very unsafe as well as unjust, to expound the will of one man by the construction which a court of justice had given to that of another, merely because similar words were used in particular parts of it." "The struggle in all such cases," observes Judge Story, "is to accomplish the real objects of the testator, so far as they can be accomplished consistently with the rules of law; but in no case to exceed his intentions fairly deduced from the very words of the will." *Nightingale* v. *Sheldon*, 5 Mason, 336. But the intention must be gathered ex visceribus testamenti and not drawn from detached portions alone.

In the case at bar, when the will of Wm. H. Titcomb is compared with that of his wife Mary C. Titcomb, and all parts of it examined in the light of the circumstances and the situation of the parties, it is not difficult to discover that the dominant idea pervading the instrument is that the wife should have the use and control, during her life time, of all of the testator's property not specifically bequeathed by him, and the power to dispose of the residue by will as freely as if it were a part of her own estate. In view of the manifest intelligence of the testator, disclosed by the will, it is inconceivable that if he had intended to give his wife an absolute title to all of the residue after his special bequests, he should not have done so by means of testamentary clauses more consistent with each other and by the use of terms more aptly designed to effectuate that intention. He was capable of expressing such a purpose in plain and unambiguous language, and he could not have failed to convey to the mind of the scrivener a clear apprehension of it. It would only have been necessary, after making his special bequests, to give all of the residue to his wife. There would have been no occasion for the carefully limited estate for life described in paragraph three.

On the other hand, the construction which gives to the wife a life estate, and the right to dispose of the residue by will, if she saw fit to exercise it, brings all the clauses of the will into harmonious relations with each other, and accomplishes a result which is at once reasonable and equitable, and entirely consistent with the situation of the parties and the condition of their respective estates. It is apparent from the terms of their mutual wills that relations of more than ordinary confidence and affection existed between the testator and his wife. Each had ample means of support without benefactions from the estate of the other, but they evidently desired to make testamentary provisions which should be enduring marks of their mutual confidence and esteem. Thus in the will of William H. Titcomb, the testator gives to his wife the use and control, during her life time, of all his property, except his life insurance, and then, after certain bequests, gives her a discretionary power to dispose of the residue by will in any manner and for any purpose most agreeable to her wishes. If she failed to exercise the privilege thus given her, such residue would continue a part of his estate and descend to his heirs as intestate property. *Collins* v. *Wickwire*, 162 Mass. 143.

This view is clearly reconcilable with the provision in item four in regard to the payment of the legacies in advance and with the language of the codicil to the will of Mary C. Titcomb, wherein she exercises the power given her by disposing of "my homestead, formerly the property of my deceased husband." *Blagge* v. *Miles*, 1 Story, 426. See also *Burbank* v. *Sweeney*, 161 Mass. 490. And barring the apparent solecism in the language of clause four, in giving to the wife what may remain at her decease, the instrument expresses with reasonable clearness and fullness the idea of a life estate with the privilege of disposing of the residue by will, after certain bequests made by the testator, if she saw fit to exercise it.

The conclusion is that the personal property now in the hands of the plaintiff as administrator, with respect to which the power of disposal by will was not exercised by Mary C. Titcomb, after deducting such expenses as have necessarily been incurred by him in the prosecution of this suit and such reasonable counsel fees

therein as may be allowed to him by the judge of probate, should be distributed among the heirs of William H. Titcomb, who are entitled to costs against the heirs of Mary C. Titcomb.

*Decree accordingly.*